IN RE INTEREST OF R.R., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. D.F., APPELLANT.
475 N.W.2d 518

Filed October 11, 1991.   No. 90-1027.

Sandra Hernandez Frantz for appellant.

C. Jo Petersen, Seward County Attorney, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

D.F., the natural mother of R.R., a minor child, appeals from an order of the district court, which affirmed the order of the juvenile court adjudicating the minor to be a juvenile in need of assistance under Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988). This section refers to a juvenile "who is in a situation . . . injurious to the health or morals of such juvenile."

The mother assigns as error the actions of the trial court in (1) proceeding to trial on an insufficiently specific petition, (2) denying her certain discovery, and (3) proceeding with a temporary detention hearing in the absence of her counsel. She claims that all three of these assigned errors violated her right to due process "under the Fifth and Fourteenth Amendments of the U.S. Constitution." Brief for appellant at 4. We affirm.

R.R. was born on January 30, 1981, to the mother and E.R. (natural father), whose marriage was dissolved by a June 7, 1985, decree. The mother was awarded sole custody of the child. In December 1985, the mother married R.F. (stepfather), with both of whom the child resided until entry by the juvenile court of a temporary detention order on March 1, 1989.

The minor testified that she was sexually assaulted on a number of occasions by her stepfather and adult stepbrother. She also testified that these two men threatened to harm her if she told anyone about the abuse. A psychologist who was treating the minor child before and during the adjudication proceedings, the child's Department of Social Services caseworker, and one of her schoolmates corroborated her testimony.

The child's half sister testified that she had seen the natural father sexually abusing the child on one occasion in 1984, when the mother and natural father were still married.

There was also testimony from the child that she told her mother of the sexual abuse by her stepfather and stepbrother.

The mother ejected the two men from the family home when she was first informed of the sexual abuse, but both the stepfather and stepbrother returned within a day. The psychologist and the caseworker corroborated this testimony. According to the child, her mother did not believe her when she later told about continuing sexual abuse.

Medical evidence showed that the minor child had been sexually penetrated, with the most recent activity occurring in or before January 1989.

The mother does not argue that the evidence is not sufficient to establish by a preponderance of the evidence that the child was a juvenile requiring assistance under § 43-247(3)(a). We hold that it is.

We first consider the mother's contention relating to the insufficiency of the petition. Although the petition does not appear in the record, apparently the Seward County Attorney filed a petition for an adjudication that the minor child was a juvenile in need of assistance or supervision under § 43-247(3)(a). The county court for Seward County, sitting as a juvenile court, held a temporary detention hearing on March 1, 1989. The mother was present without counsel at the temporary detention hearing, and requested a continuance due to her attorney's conflicting court schedule. The mother stated that she contacted her attorney as soon as the mother received notice of the hearing, which she stated was on "[F]riday." She did not specify the date on which she received notice. Although there is no certificate of service of summons in the record, the trial court noted that the sheriff's return showed delivery of the summons to the mother on February 17, 1989, some 12 days before the scheduled hearing.

The court recessed and contacted the mother's attorney, who advised the court that she had not been retained by the mother until the night before the hearing and had not entered into a fee or retainer agreement with the mother.

The State contends that the mother's assignments of error regarding the adequacy of the petition and regarding the claimed denial of counsel refer to the temporary custody order and are not appealable. We reject the State's contention in that regard. Although an ex parte temporary detention order

keeping a juvenile's custody from his or her parent for a short period of time is not final, one entered under § 43-247(3)(a) and Neb. Rev. Stat. § 43-254 (Reissue 1988), after a hearing which continues to keep a juvenile's custody from the parent pending an adjudication hearing to determine whether the juvenile is neglected, is final and thus appealable. See *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991).

As previously stated, the petition was not made a part of the record. It is incumbent upon the party appealing to present a record which supports the errors assigned; absent such a record, as a general rule, the decision of the lower court is to be affirmed. *Abboud v. Cutler*, 238 Neb. 177, 469 N.W.2d 763 (1991). See *Bert Cattle Co. v. Warren*, 238 Neb. 638, 471 N.W.2d 764 (1991). We cannot evaluate the sufficiency of a petition which does not appear in the record. Therefore, the assignment of error alleging the inadequacy of the petition cannot be considered. However, we would observe that during preliminary proceedings prior to the adjudication hearing, in response to the request of the mother's attorney for a bill of particulars, the court required the State to commit on the record that at the adjudication hearing it would rely only on the allegations supported by the evidence in the detention hearing. The court advised the mother's attorney that she was free to request a transcript of those proceedings to review the allegations.

The mother argues that her ability to prepare a defense was hindered by the denial or limitation of discovery, in violation of her right to due process. Specifically, she claims she was erroneously denied a bill of particulars, a motion to produce, a motion to compel, and the production of material a witness used to refresh her memory. Further, the mother claims error in that the deposition of her child was scheduled by the trial court too near the time of trial and that the conditions the trial court attached to this deposition were overly restrictive.

The discovery the mother claims she was wrongfully denied was attempted between the temporary detention hearing and the trial court's May 4, 1989, order that the case proceed thereafter under the "Nebraska Discovery Rules for Civil Cases." The trial court reviewed the mother's attempted

discovery and characterized it as "a strange mixture of criminal discovery and civil discovery [which] just plain wasn't done correctly." The trial court gave the mother the opportunity to begin discovery afresh under the civil discovery rules, and promised to enforce properly promulgated discovery.

"Control of discovery is a matter for judicial discretion." *D.S. v. United Catholic Soc. Servs.*, 227 Neb. 654, 666, 419 N.W.2d 531, 538 (1988). The party asserting error in a discovery ruling bears the burden of showing that the ruling was an abuse of discretion. *Id*. Upon the record before us, we cannot say that the trial court abused its discretion in its discovery ruling. The record does not contain the mother's motion for a bill of particulars, her motion to produce (which was apparently only served upon opposing counsel and not filed in court), her motion to compel, or any motion for production of the material used by the State's witness to refresh her recollection. Without reviewing the mother's discovery motions, we cannot determine whether the trial court erred in denying them and requiring her to proceed under the civil discovery rules. Once again, the mother has failed to provide a record upon which this court can adjudicate her claim of error. See, *Abboud v. Cutler, supra*; *Bert Cattle Co. v. Warren, supra*.

Moreover, "error without prejudice provides no ground for appellate relief." *In re Interest of D.L.S.*, 230 Neb. 435, 438, 432 N.W.2d 31, 35 (1988). The mother has not demonstrated that she was prejudiced in any way by the trial court's denial of the preliminary discovery enumerated by her. The civil rules allow broad inquiry, and surely the mother could have obtained any information to which she would be entitled. In any event, the court gave her a second chance to conduct discovery with the promise that properly promulgated discovery would be enforced. The mother does not contend that the trial court entered any erroneous ruling, prejudicial to her, on discovery questions arising after the court's May 4 order. She had the opportunity to rectify any earlier error in the trial court's discovery rulings, and it is not error on the part of the trial court if she did not avail herself of this opportunity.

It is also argued by the mother that the trial court scheduled her minor child's deposition so close to the trial date and under

such restrictive conditions as to deny the mother effective discovery. The mother fails to specify how the conditions—a neutral site, no face-to-face contact between the child and any person alleged to have neglected or abused her, and the requirement that a health care professional with the power to stop the deposition be present—hindered her ability to gather evidence or preserve testimony for trial. The mother made no motion to continue the trial date or to advance the deposition in order that she have more time to prepare between the deposition and the trial if that was needed. The trial court did not abuse its discretion in scheduling or limiting the child's deposition.

The mother argues that the trial court's decision to hold the temporary detention hearing in the absence of her counsel violated the mother's right to due process. To determine whether due process requires the assistance of counsel in this type of proceeding, we must weigh the interest of the parent, the interest of the State, and the risk of erroneous decision given the procedures in use. *Lassiter v. Department of Social Services*, 452 U.S. 18, 101 S. Ct. 2153, 68 L. Ed. 2d 640 (1981) (applying *Mathews v. Eldridge*, 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), to termination of parental rights proceedings).

We have previously held that such a situation requires the presence of counsel in termination of parental rights proceedings. *Orr v. Knowles*, 215 Neb. 49, 337 N.W.2d 699 (1983) (explaining *State v. Caha*, 190 Neb. 347, 208 N.W.2d 259 (1973)). Under this analysis, where the parent's interest is at its highest and the State's interest at its lowest, due process may require counsel's presence in order to proceed. *Lassiter, supra*.

Termination of parental rights, as in *Lassiter* and *Caha*, embodies perhaps the most important point of the parent's interest; the parent stands to be permanently deprived of his or her fundamental parental rights. The State's interest is in protecting the health, safety, and welfare of the child. The stakes affected by an erroneous decision are high—the parent's rights in the child are severed completely and permanently. The holdings of *Lassiter* and *Caha* recognize that in this situation, due process prohibits proceeding without counsel.

A temporary detention hearing presents a different

situation. The parent's interest is diminished because termination of parental rights is not at issue. The parent may simply be required to make reasonable efforts under a court-ordered plan to correct the conditions giving rise to the adjudication. See Neb. Rev. Stat. § 43-292(6) (Reissue 1988). The State's interest in protecting the child from any deleterious effects of parental abuse or neglect, on the other hand, is as important at this stage in the proceedings as at any other. An erroneous decision, while no more or no less likely than at any other stage of the proceedings, does not permanently or completely sever parental rights. The parent has an opportunity to rectify any error at the adjudication hearing, with no permanent consequences ever having accrued.

In this case, the trial court took a significant step to ensure that the absence of the mother's counsel from the temporary detention hearing would not result in an erroneous decision against her interest. The court, at the adjudication hearing on August 31, 1989, took judicial notice of all prior testimony in the matter, but specifically refused to take notice of the testimony given when the mother's counsel was not present. This step effectively quarantined the temporary detention hearing from the remainder of the adjudication proceedings, and error that the trial court committed in proceeding with the temporary detention hearing without the mother's counsel present could therefore not infect the ultimate decision.

Furthermore, the mother was at least partially at fault for her lack of counsel at the temporary detention hearing. Despite receiving notice on February 17 of the March 1 hearing, she did not contact counsel until the night before the hearing and did not agree upon counsel's compensation. Moreover, the trial court twice informed the mother of her right to appointed counsel, but the mother did not request an appointed attorney. She did not avail herself of an opportunity to assert the right to counsel she now claims was erroneously denied her.

In this case, the mother was without counsel at the temporary detention hearing because the trial judge denied her motion for a continuance so that her attorney could be present. The court proceeded because of the emergency nature of the case. The mother's rights in her child were not terminated at the

temporary detention hearing, nor at any other stage in the proceedings. The mother was represented by counsel at all court appearances subsequent to the temporary detention hearing. At the adjudication hearing the mother, by counsel, cross-examined the State's witnesses and presented nine witnesses of her own over 2 days. She could have called at the adjudication hearing any witness who testified at the temporary detention hearing to clarify or impeach the prior testimony of the witness. Based upon the balance of the competing interests and considering the procedures used in this case, due process did not require the presence of the mother's counsel at the temporary detention hearing.

The judgment of the district court is hereby affirmed.

AFFIRMED.