IN RE INTEREST OF M.B. AND A.B., CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE AND CROSS-APPELLEE, V. A.B., APPELLANT, AND N.F., APPELLEE AND CROSS-APPELLANT.
480 N.W.2d 160

Filed February 14, 1992.   No. 91-443.

Roger C. Lott for appellant.

Thomas R. Lamb, of Berry, Anderson, Creager & Wittstruck, for appellee N.F.

Linda S. Porter, Deputy Lancaster County Attorney, for appellee State.

Roberta S. Stick, guardian ad litem.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

A.B. appeals and N.F. cross-appeals the adjudication of their daughter, A.B., and N.F.'s daughter from a previous relationship, M.B., as children in need of supervision by reason of the fault or habits of A.B. and N.F., hence bringing the children within the jurisdiction of the separate juvenile court of Lancaster County in accordance with Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988).

The State introduced evidence that appellant A.B. had twice been convicted of committing sex crimes against children. One of the crimes occurred in Iowa and involved another daughter of A.B.'s. One conviction was the result of a guilty plea; the other was pursuant to a guilty verdict following a jury trial. Although A.B. was incarcerated as a result of these actions, he did not receive treatment for his impulses to sexually abuse children. A.B. had confided in N.F., the children's mother, regarding the existence of these two convictions, but denied the factual bases of the convictions. N.F. testified she did not think that A.B. posed a threat to either her own daughter or the daughter they had had together. She continued to leave the children with A.B. unsupervised, despite the demands of the Department of Social Services that she not do so.

The State has intervened due to the allegedly high risk A.B. poses to the children, as a repeat sex offender who has not received treatment for his disorder. Although no evidence exists that A.B. has made inappropriate contact with the girls, he

testified he avoided diapering and bathing them, to prevent any further accusations like those in his past that resulted in the above-mentioned convictions.

The appellant alleges that the separate juvenile court erred in (1) finding that the State's amended petition stated a cause of action and overruling A.B.'s demurrer and (2) allowing N.F. to be questioned regarding incidents and conflicts between A.B. and N.F. Both the appellant and cross-appellant allege that the separate juvenile court erred in (1) failing to sustain their motions to dismiss at the close of the State's evidence and (2) finding that the children lacked proper parental care by reason of the fault and habits of A.B. and N.F.

We decide this case de novo on the record. See *In re Interest of J.L.M. et al.*, 234 Neb. 381, 451 N.W.2d 377 (1990).

We have stated that the jurisdiction of the State in juvenile adjudication cases arises out of the power every sovereignty possesses as parens patriae to every child within its borders to determine the status and custody that will best meet the child's needs and wants. See *Stewart v. McCauley*, 178 Neb. 412, 133 N.W.2d 921 (1965). In that case, we elaborated on the role of the juvenile court:

> The juvenile court is a product of the solicitude of the law for the welfare of infants. Its powers and duties are described more or less in detail in our statutes, and because of their humanitarian and beneficient [sic] purpose, they should be liberally construed to the end that their manifest purpose may be effectuated to the fullest extent compatible with their terms.

*Id.* at 418, 133 N.W.2d at 925.

If evidence of the fault or habits of a parent or custodian indicates a risk of harm to a child, the juvenile court may properly take jurisdiction of that child, even though the child has not yet been harmed or abused. See, *In re Interest of S.R., D.R., and B.R.*, ante p. 871, 479 N.W.2d 126 (1992); *In re Interest of S.L.P.*, 230 Neb. 635, 432 N.W.2d 826 (1988); *In re Interest of J.D.M.*, 230 Neb. 273, 430 N.W.2d 689 (1988); *In re Interest of E.R., J.R., and A.R.*, 230 Neb. 646, 432 N.W.2d 834 (1988).

As we found in *In re Interest of W.C.O.*, 220 Neb. 417, 419,

370 N.W.2d 151, 153 (1985),

[t]he question that we must therefore address is whether a child lacks proper parental care by reason of the fault or habits of his parent if his parent has committed a sexually abusive act upon another minor child. The danger of permitting such a father to remain in a position where he may be alone with his own minor child should be obvious. It is not the intent or purpose of the juvenile code to require the separate juvenile court to wait until disaster has befallen a minor child before the court may acquire jurisdiction. If it is reasonable to assume that injury will occur absent action by the court, then the court may assume jurisdiction and act accordingly.

This court's position discouraging juvenile courts from waiting until tragedy has befallen a child before intervention occurs is clearly not a novel one. In light of our consistent position in cases concerning juvenile adjudications under § 43-247(3)(a), we find that the amended petition sufficiently stated a cause of action and that the State was not required to allege these children had been subjected to sexual abuse by A.B. The petition set out the crimes of which A.B. had been convicted and the corresponding risk to these children due to A.B.'s failure to seek treatment for his propensity toward sexual contact with minors. The assignment is without merit.

As to A.B.'s contention that the court improperly considered N.F.'s testimony regarding her domestic altercations with A.B., we affirm.

The record reflects that this testimony was not solicited as evidence against A.B., but was offered for the limited purpose of establishing N.F.'s inability to protect the children from the risk posed by A.B. and to impeach her testimony that she was not afraid of him. The assignment is without merit.

N.F. admitted that she had left her children alone with A.B. approximately 15 times since learning of his history of sexual contact with children. Despite her in-court testimony to the contrary, N.F., to date, has not proven her reliability in keeping her daughters away from unsupervised contact with A.B.

We find that the separate juvenile court of Lancaster County did not abuse its discretion in overruling appellant's and

cross-appellant's motions to dismiss or in its finding that the children fell within § 43-247(3)(a), lacking proper supervision by reason of the fault or habits of A.B. and N.F., and that the children were within the court's jurisdiction.

We affirm the adjudication decision in its entirety.

AFFIRMED.