IN RE INTEREST OF BORIUS H. ET AL.,
CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. THERESA H., APPELLANT.
558 N.W.2d 31

Filed January 3, 1997.   No. S-95-745.

Jeffrey A. Wagner, of Legal Aid Society, Inc., for appellant.

James S. Jansen, Douglas County Attorney, and Vernon Daniels for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, and GERRARD, JJ.

CONNOLLY, J.
Upon appeal of this case from the Douglas County Separate Juvenile Court, the Nebraska Court of Appeals determined that

the State of Nebraska failed to attach an affidavit to its motion for an ex parte order seeking temporary custody of Theresa H.'s children and failed to adduce any evidence at the subsequent hearing to warrant the removal of the children from their mother's home. The Court of Appeals reversed the juvenile court's order giving the Nebraska Department of Social Services (DSS) temporary custody of the children. Instead of dismissing the case, the Court of Appeals remanded this matter to the juvenile court with orders to return the children to their mother unless the State, within 8 days, established facts at a hearing to justify preadjudication removal of the children. Having granted the mother's petition for further review, we affirm in part, and in part reverse and remand the cause with orders to dismiss because the State failed to adduce any evidence at the detention hearing.

## BACKGROUND

On June 14, 1995, the Douglas County Attorney filed a petition in juvenile court alleging that by reason of the faults and habits of Theresa H., the natural mother of three minor children, Borius H., age 11; Terrance H., age 7; and Temequa E., age 9, were juveniles within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1993). More specifically, the petition alleged that the children were at risk of harm because the mother had been leaving the children with inappropriate caregivers who were unable to meet their needs. Also alleged was the mother's impaired ability to care for the children because of her use of alcohol and/or drugs. On that same date, the county attorney also filed a motion for temporary custody, without an accompanying affidavit. On an ex parte basis, the juvenile court sustained the motion and issued an order for immediate custody placing the children in the custody of DSS.

A detention hearing was held on June 27, 1995, to determine if the children should remain in the custody of DSS until adjudication. The mother did not appear, and her counsel requested a continuance. The request for a continuance was overruled. The court, without receiving any evidence or hearing any testimony, ordered that DSS should retain custody of the children. The mother appealed to the Court of Appeals, arguing that the

juvenile court lacked jurisdiction to enter the ex parte detention order because no supporting affidavit was attached to the State's motion for custody. She also asserted that the juvenile court erred in ordering continued detention for her children at the June 27 hearing because the State failed to meet its burden of proof. In addition, the mother argued that both the June 14 and the June 27 orders violated her due process rights.

In its review, the Court of Appeals found that the State had failed to attach an affidavit with its request for the ex parte custody order as required by our holding in *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991), but that the order itself was not final and therefore not subject to review. See *In re Interest of Borius H. et al.*, 96 NCA No. 21, case No. A-95-745 (not designated for permanent publication). The Court of Appeals also found that the State offered no evidence to warrant the detention of the children at the June 27 detention hearing. Concluding that this order was a final order subject to appeal, the Court of Appeals reversed the order and directed that the children be returned to the mother unless, within 8 days of the Court of Appeals' mandate, the State established facts at a hearing which justified preadjudication removal of the children . from the mother's home. We granted the mother's petition for further review.

## ASSIGNMENTS OF ERROR

The mother contends the Court of Appeals erred in (1) failing to find the juvenile court's June 14, 1995, ex parte detention order a final, appealable order; (2) failing to reverse the June 14 ex parte order; and (3) allowing the State to present further evidence within 8 days of the court's mandate instead of dismissing the State's petition and returning custody of the children to the mother.

## STANDARD OF REVIEW

Juvenile court cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the trial court's findings. *In re Interest of D.W.*, 249 Neb. 133, 542 N.W.2d 407 (1996).

On questions of law, an appellate court has an obligation to reach its own conclusions independent of those reached by the lower courts. *In re Estate of Ackerman*, 250 Neb. 665, 550 N.W.2d 678 (1996); *Kelley v. Benchmark Homes, Inc.*, 250 Neb. 367, 550 N.W.2d 640 (1996).

## PRACTICE CAUTION

This court, as was the Court of Appeals, is concerned that the State has failed to abide by the dictates of our decision in *In re Interest of R.G., supra*, in seeking an ex parte temporary custody order in this matter. In that case, we stated:

> [T]he practice which shall henceforth be followed, is that the information upon which the State seeks an ex parte temporary detention order be contained in the affidavit of one who has knowledge of the relevant facts and that such affidavit be presented to the juvenile court and be made a part of the record of the proceedings.

238 Neb. at 419-20, 470 N.W.2d at 791. There was no such supporting affidavit in the instant case. The only information before the juvenile court when the ex parte temporary custody order was sought was the State's petition. As noted in *In re Interest of R.G.*, this is simply not enough. Thus, we once again state that *all* motions for ex parte temporary detention orders must be accompanied by an affidavit of one who has knowledge of relevant facts warranting temporary detention.

## ANALYSIS

The first and second assigned errors require us to determine whether the June 14 ex parte temporary detention order was a final order for purposes of appeal.

Unlike a detention order after a hearing, an ex parte temporary detention order keeping a juvenile from his or her parent for a short period of time pending a hearing as to whether the detention should be continued is not final. See, *In re Interest of R.R.*, 239 Neb. 250, 475 N.W.2d 518 (1991); *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991). This proposition was first set forth in *In re Interest of R.G.*, wherein we explained that for purposes of appellate review of a juvenile detention order, there must be an order affecting a substantial right made

in a special proceeding. After recognizing that a proceeding before a juvenile court is a special proceeding, we discussed the requirement that the order affect a substantial right of the parent. In this regard, we stated:

[T]he question of whether a substantial right of a parent has been affected by an order in juvenile court litigation is dependent upon both the object of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed.

238 Neb. at 415, 470 N.W.2d at 788.

In determining that the ex parte temporary custody order did not affect a substantial right of the mother in *In re Interest of R.G.*, we noted, while undertaking an analysis of due process requirements, that the order was limited to 8 judicial days and that it played no part in determining the propriety of continuing temporary placement until adjudication. Also determinative was the State's recognized interest in protecting the welfare of a child under the doctrine of parens patriae. Accordingly, we held that the ex parte temporary custody order did not substantially interfere with the mother's rights in her infant daughter and was therefore not final for purposes of appeal.

In the instant case, the June 14 order was also limited in its duration. Our examination of the order reveals that DSS was to retain temporary custody of the children under the temporary order only until the June 27 hearing. In accordance with our analysis in *In re Interest of R.G., supra*, we agree with the Court of Appeals that this order, limited as it was in duration, does not constitute a final order. The first two assigned errors are therefore without merit.

Next, we must decide whether the Court of Appeals was correct in its remand order. More specifically, we are required to determine whether it was error to order the children returned to their mother unless the State established facts mandating preadjudication within 8 days of the juvenile court's ruling.

Neb. Rev. Stat. § 43-254 (Reissue 1993) of the juvenile code sets forth the requirements for continuing to withhold a juvenile from his or her parent pending adjudication, and it provides in part as follows:

If a juvenile has been removed from his or her parent, guardian, or custodian pursuant to subdivision (3) of sec-

tion 43-248, the court may enter an order continuing detention or placement only upon a written determination that continuation of the juvenile in his or her home would be contrary to the welfare of such juvenile and that reasonable efforts were made, prior to placement, to prevent or eliminate the need for removal and to make it possible for the juvenile to return to his or her home.

Although the statute is silent as to the burden of proof for sustaining continued temporary custody, this court has pronounced that the State must prove the requirements of § 43-254 by a preponderance of the evidence. *In re Interest of R.G., supra.*

Even a cursory examination of the June 27 hearing reveals that this burden was not met. In fact, a reading of the three pages in the bill of exceptions documenting the hearing shows that *absolutely no evidence* was presented by the State in support of its motion for continued custody. In light of this complete lack of evidence, the juvenile court obviously erred in granting the June 27 detention order, thereby continuing the temporary custody of the children with DSS. See § 43-254 (placement pending adjudication appropriate "if it appears that the need for placement or further detention exists").

Obviously, this total indifference to both the requirements of the juvenile code and our opinions concerning preadjudication detention in this matter is bothersome. We agree with the Court of Appeals that "[i]t should go without saying that the State's conduct in this case was a violation of the mother's due process right." *In re Interest of Borius H. et al.*, 96 NCA No. 21 at 43 (not designated for permanent publication). Parents have "a recognized liberty interest in raising their children." *In re Interest of R.G.*, 238 Neb. 405, 414, 470 N.W.2d 780, 788 (1991) (citing *Pierce v. Society of Sisters*, 268 U.S. 510, 45 S. Ct. 571, 69 L. Ed. 1070 (1925), and *Meyer v. Nebraska*, 262 U.S. 390, 43 S. Ct. 625, 67 L. Ed. 1042 (1923)). The removal of a child from his or her parent without *any* evidence whatsoever is clearly violative of this liberty interest and will not be tolerated.

Although the Court of Appeals reached this same conclusion, it nevertheless allowed DSS to retain temporary custody for a period of up to 8 days or until the State established evidence

warranting continued detention. The State argues this remedy was appropriate, noting that "requiring a hearing recognizes the reality that the State could once again seek an ex parte order for detention thus producing another detention hearing." Brief for appellee in support of resistance to petition for further review at 6. While this may be true, the juvenile code requires that certain procedures be followed before removing a child from the custody of his or her parent.

In the instant case, the State failed to provide any evidence warranting continued custody. As such, the juvenile court lacked the authority to order continued temporary custody. See § 43-254. Moreover, the June 14 ex parte temporary custody order also provides no authority for continued detention because it was superseded by the June 27 order. Considering that the juvenile court lacked authority to order continued detention of the children, it is axiomatic that the Court of Appeals also lacked the authority to order continued custody of the children with DSS for up to 8 days so that the State could follow the law and prove its contentions with actual evidence. See *Matter of Welfare of C. Children*, 348 N.W.2d 94 (Minn. App. 1984) (where evidence did not support finding that children were neglected, order which placed children under protective supervision was required to be vacated).

## CONCLUSION

With absolutely no evidence supporting the State's motion for continued custody at the June 27 hearing, the juvenile court erred in granting the detention and thereby continuing temporary custody of the children with DSS pending adjudication. We therefore affirm the Court of Appeals' determination that the juvenile court order continuing detention of the children with DSS must be reversed, but disagree with the Court of Appeals' directions in its order to remand. The State's failure to provide any proof substantiating its petition requires this cause to be remanded with orders to dismiss and to return the children to their mother.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.