IN RE INTEREST OF ANTHONY G., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLANT, V.
ANDREW L. AND WENDY L., APPELLEES.
578 N.W. 2d 71

Filed April 14, 1998.    No. A-97-859.

James S. Jansen, Douglas County Attorney, and Karen S. Kassebaum for appellant.

Peter C. Bataillon for appellee Andrew L.

Jeffrey A. Wagner, for Legal Aid Society, Inc., for appellee Wendy L.

MILLER-LERMAN, Chief Judge, and IRWIN and INBODY, Judges.

INBODY, Judge.

## INTRODUCTION

This matter is before this court on the State's appeal of the Douglas County Separate Juvenile Court's August 7, 1997, order denying further detention of Anthony G., ordering that Anthony be returned to the parental home, and ordering that the matter be set for pretrial. We hold that a juvenile court order denying further detention and returning the juvenile's custody to the parent or parents pending an adjudication hearing is not a final order and thus is not appealable by the State. Consequently, this appeal is dismissed for lack of jurisdiction.

## STATEMENT OF FACTS

On June 17, 1997, the State filed a petition alleging that Anthony was a child within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Cum. Supp. 1996) because he lacked proper parental care by reason of the faults or habits of his mother, Wendy L., and his stepfather, Andrew L., for the reasons that his stepfather committed acts of domestic abuse against Anthony and his mother and because the mother failed to protect Anthony from said abuse. On that same date, a motion for temporary custody and accompanying affidavit were filed and an order for immediate custody was entered by the Douglas County Separate Juvenile Court placing custody of Anthony with the Nebraska Department of Health and Human Services. The original petition was amended on June 30 to include additional allegations of physical violence by Anthony's stepfather.

On August 7, 1997, a detention hearing was held, the court entered an order denying further detention of Anthony and ordering that he be returned to the parental home, and the matter was ordered to be set for pretrial. The State filed a timely appeal to this court.

## STANDARD OF REVIEW

Juvenile cases are reviewed de novo on the record, and the appellate court is required to reach a conclusion independent of the trial court's findings; however, where the evidence is in conflict, the appellate court will consider and may give weight to the fact that the trial court observed the witnesses and

accepted one version of the facts over another. *In re Interest of Joshua M. et al.*, 251 Neb. 614, 558 N.W.2d 548 (1997).

On questions of law, an appellate court has an obligation to reach its own conclusions independent of those reached by the lower courts. *In re Interest of Borius H. et al.*, 251 Neb. 397, 558 N.W.2d 31 (1997).

## ASSIGNMENTS OF ERROR

The State appeals the August 7, 1997, juvenile court order denying further detention of Anthony and ordering Anthony's return to the parental home, alleging various errors committed by the juvenile court during the course of the hearing.

## DISCUSSION

Our practice is to closely examine all cases in their initial stages to ensure that jurisdiction has been properly conferred on this court. Our objective is to quickly terminate appeals when we lack jurisdiction because of procedural defects. However, because the issue of whether a juvenile court order entered after a hearing which returns a juvenile's custody to the parent or parents pending an adjudication hearing is an appealable final order has not heretofore been addressed by the appellate courts of this state, we believe that an opinion explaining our decision is in order, rather than merely a summary dismissal of the appeal, as is our normal practice when jurisdiction is lacking.

An appellate court has the power and duty to determine whether the appellate court has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *In re Interest of D.W.*, 249 Neb. 133, 542 N.W.2d 407 (1996). In order for an appellate court to acquire jurisdiction, there must be a final judgment or final order in the court from which the appeal is taken. *Schaad v. Simms*, 240 Neb. 758, 484 N.W.2d 474 (1992).

There are three types of final orders which may be reviewed on appeal. Neb. Rev. Stat. § 25-1902 (Reissue 1995); *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993). The three types are (1) an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment; (2) an order affecting a substantial right made in a special proceeding; and (3) an order affecting a substantial

right made upon summary application in an action after judgment has been rendered. § 25-1902; *Jarrett v. Eichler, supra*; *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991).

The August 7, 1997, order entered by the juvenile court was not an order which determined the action and prevented a judgment, nor was it an order affecting a substantial right made upon summary application in an action after judgment had been rendered. Consequently, we must determine whether the juvenile court's order was an order affecting a substantial right made in a special proceeding.

The Nebraska Supreme Court has held that a proceeding before a juvenile court is a special proceeding. *In re Interest of Borius H. et al., supra.* However, this does not end our inquiry. To be final and appealable, the order must affect a substantial right. "A substantial right is an essential legal right, not a mere technical right." *Jarrett v. Eichler*, 244 Neb. at 314, 506 N.W.2d at 685.

Although we have found no case law analyzing whether the substantial rights of the *State* are affected by an order returning custody of a juvenile to his or her parents, the Nebraska Supreme Court has conducted an analysis of when the substantial right of a *parent* has been affected by an order in juvenile court litigation. In its analysis, the court considered the object of the order and the length of time over which the parent's relationship with the juvenile could reasonably be expected to be disturbed. *In re Interest of R.G., supra.*

Applying this reasoning, the court has held that a juvenile court order entered after a hearing which continued to keep a juvenile's custody from the parent pending an adjudication hearing was an order affecting a substantial right made in a special proceeding and, thus, was final and appealable. *In re Interest of R.R.*, 239 Neb. 250, 475 N.W.2d 518 (1991). See, also, *In re Interest of R.G., supra.* The substantial right affected is the parent's liberty interest in raising his or her children. *In re Interest of R.G., supra.*

However, unlike *In re Interest of R.G., supra*, wherein the mother of a juvenile appealed an order which kept custody of the juvenile from the parents, in the instant case we have the State appealing a juvenile court order which returns a juvenile's

custody to his parents pending an adjudication hearing. Consequently, the "substantial right" analysis must be modified to determine whether the order affects a substantial right of the State.

The State contends that the juvenile court order affects its parens patriae interest in setting standards for the care and protection of children, and Anthony in particular. It is this parens patriae doctrine that allows the State to take custody of children within Nebraska's borders in emergency situations. *In re Interest of R.G., supra.* However, the flaw in the State's analysis involves the fact that such ex parte temporary orders are of limited duration and designed to preserve the status quo until an adversarial hearing can be held. See *id.*

In the instant case, the State, pursuant to court order, took temporary emergency custody of Anthony pending an adversarial hearing. The hearing was held, and after considering the evidence presented, the juvenile court determined that Anthony should not be further detained and ordered him returned to his parents pending adjudication.

Although we agree that the juvenile court's order does affect the State's parens patriae right, the State's right does not rise to the level of a parent's liberty interest in raising children. Further, the State, by acting expeditiously in getting the adjudication set for hearing, may allow the juvenile court to reconsider its decision to return custody of Anthony to his parents. Consequently, we find that after an adversarial hearing has been conducted and a juvenile court has not found sufficient evidence to further detain a juvenile, the State does not possess a substantial right allowing it to appeal that determination.

In sum, the August 7, 1997, juvenile court order appealed from was not a final order, and in the absence of a final order from which an appeal may be taken, the appeal must be dismissed for lack of jurisdiction. See *In re Adoption of Krystal P. & Kile P.*, 248 Neb. 907, 540 N.W.2d 312 (1995). Consequently, the instant case must be dismissed for lack of jurisdiction.

APPEAL DISMISSED.