IN RE INTEREST OF ANTHONY G., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLANT, V. ANDREW L. AND WENDY L., APPELLEES.

586 N.W.2d 427

Filed October 30, 1998.    No. S-97-859.

James S. Jansen, Douglas County Attorney, and Karen S. Kassebaum for appellant.

Peter C. Bataillon for appellee Andrew L.

Jeffrey A. Wagner, of Legal Aid Society, Inc., for appellee Wendy L.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

STEPHAN, J.

This is a juvenile proceeding in which the State of Nebraska alleges that Anthony G. is a child under the age of 18 years who is lacking in proper parental care by reason of the faults and habits of Andrew L., his stepfather, and Wendy L., his natural mother, and is therefore subject to the jurisdiction of the juvenile court pursuant to Neb. Rev. Stat. § 43-247(3)(a) (Cum. Supp. 1996). At the time its original petition was filed, the State obtained an ex parte order granting immediate temporary custody of Anthony to Nebraska's Department of Health and Human Services, pending a detention hearing, based upon a police officer's affidavit indicating possible physical abuse of the juvenile during a physical assault upon his mother by his stepfather. At the conclusion of the detention hearing, the juvenile court denied continued detention and ordered that Anthony be returned to the parental home. The State's appeal was dismissed by the Nebraska Court of Appeals, based upon its determination that the order denying continued detention pending adjudication was not appealable by the State. *In re Interest of Anthony G.,* 6 Neb. App. 812, 578 N.W.2d 71 (1998). We granted the State's petition for further review and now affirm the judgment of the Court of Appeals.

The pertinent facts are summarized in the opinion of the Court of Appeals and will not be repeated here. Counsel confirmed during oral argument that Anthony has resided in the parental home since the juvenile court ordered his return on August 7, 1997.

· As the Court of Appeals correctly noted, "[a]n appellate court has the power and duty to determine whether [it] has [appellate] jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties." *Id.* at 814, 578 N.W.2d at 73. See, also, *In re Interest of Artharena D.*, 253 Neb. 613, 571 N.W.2d 608 (1997). A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Bonge v. County of Madison*, 253 Neb. 903, 573 N.W.2d at 448 (1998); *In re Interest of Artharena D., supra*; *In re Interest of Borius H. et al.*, 251 Neb. 397, 558 N.W.2d 31 (1997).

The three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right in an action and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after a judgment is rendered. Neb. Rev. Stat. § 25-1902 (Reissue 1995); *O'Connor v. Kaufman, ante* p. 120, 582 N.W.2d 350 (1998); *State v. Kula*, 254 Neb. 962, 579 N.W.2d 541 (1998). In this context, a proceeding before a juvenile court is a special proceeding. *In re Interest of Borius H. et al., supra*; *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991), *disapproved by O'Connor v. Kaufman, supra*. Thus, the only question before us is whether the order denying continued detention of Anthony pending adjudication affected a "substantial right" of the State. " 'A substantial right is an essential legal right, not a mere technical right.' " *In re Interest of Anthony G.*, 6 Neb. App. at 815, 578 N.W.2d at 74, quoting *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993).

In *In re Interest of R.G., supra*, we considered whether an order granting detention of a juvenile pending adjudication was appealable by the parent. In that case, the mother of the juvenile sought to appeal from two orders: an ex parte order granting immediate temporary custody to the State and a subsequent order following an adversarial hearing which required continued detention pending adjudication. We concluded that both orders interfered with the mother's recognized liberty interest in

raising her children, an interest which encompassed the juvenile's custody, care, and control. *Id.* We then focused on the question of whether the interference was substantial, noting that this was "dependent upon both the object of the order and the length of time over which the parent's relationship with the juvenile may reasonably be expected to be disturbed." *Id.* at 415, 470 N.W.2d at 788. We reasoned that the ex parte temporary detention order "was akin to a temporary restraining order in that it was, by its terms, of limited duration and designed to preserve the status quo until an adversarial hearing could be held." *Id.* at 419, 470 N.W.2d at 790. Thus, we found the ex parte detention order to be a legitimate exercise of the State's power under the parens patriae doctrine to respond to a perceived emergency situation which was tempered by its short duration and lack of binding effect on further proceedings and, therefore, did not affect a substantial right of the parent so as to be appealable. *Id.* However, we held that because the detention order following the hearing affected the parent's custody rights for a period of up to 6 months, it affected a substantial right and thus constituted a final, appealable order. *Id.* We subsequently followed this same rationale in *In re Interest of R.R.*, 239 Neb. 250, 475 N.W.2d 518 (1991).

In the present case, the State argues that because of its parens patriae interest, an order denying continuing detention outside the parental home pending adjudication affects a substantial right in the same sense as an order requiring such detention. The "jurisdiction of the State in juvenile adjudication cases arises out of the power every sovereignty possesses as parens patriae to every child within its borders to determine the status and custody that will best meet the child's needs and wants." *In re Interest of M.B. and A.B.*, 239 Neb. 1028, 1030, 480 N.W.2d 160, 161 (1992). We stated in *In re Interest of R.G.* that the "sheer magnitude" of the interest "renders acceptable a certain degree of risk that the State will, on rare occasion, make erroneous short-term seizures and placements of juveniles." 238 Neb. at 418, 470 N.W.2d at 790. Thus, in general terms, the State's parens patriae role is indeed important.

However, the issue before us is not the general significance of the State's parens patriae interest, but, rather, the specific question of whether an order denying continued detention pend-

ing adjudication affects a substantial right of the State. We agree with the Court of Appeals that it does not, even though an order granting continued detention does affect a parent's substantial right. The distinction lies in the fact that a parent's liberty interest necessarily encompasses custody of the child, while the State's parens patriae interest does not. The filing of an abuse and neglect proceeding pursuant to § 43-247(3) subjects the juvenile to the jurisdiction of the court but does not automatically confer custody rights upon the State. Although the State may obtain short-term temporary custody without a warrant or court order when necessary to protect a juvenile who is seriously endangered in his or her surroundings, see Neb. Rev. Stat. § 43-248(3) (Reissue 1993), continued detention pending adjudication is not permitted under the Nebraska Juvenile Code unless the State can establish by a preponderance of the evidence at an adversarial hearing that such detention is necessary for the welfare of the juvenile. Neb. Rev. Stat. § 43-254 (Cum. Supp. 1996); *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991).

An order requiring detention of a juvenile outside the parental home pending adjudication has an immediate and significant effect upon the parent's right of custody that existed at the time of commencement of juvenile proceedings. While the State's parens patriae interest in the welfare of a child authorizes it to initiate abuse and neglect proceedings pursuant to § 43-247(3)(a) and request temporary custody pending adjudication, the denial of such a request does not affect any then-existing right of the State. It is simply a finding that a provisional remedy, i.e., removal of the juvenile child from parental custody pending adjudication, was not warranted on the basis of the facts then before the juvenile court. See § 43-254. Such an order does not affect the authority of the State, in its parens patriae role, to pursue adjudication and disposition of an abuse-neglect proceeding pursuant to the Nebraska Juvenile Code. Nor does such an order foreclose the State from taking measures to protect the welfare of the juvenile pending adjudication, since the temporary custody provisions and other preadjudication procedures established by the Nebraska Juvenile Code may be utilized whenever there is a factual basis for doing so.

Thus, the Court of Appeals correctly concluded that the order denying continued detention prior to adjudication did not affect a substantial right of the State and that it was therefore not an appealable order. We affirm the judgment of dismissal for lack of appellate jurisdiction.

AFFIRMED.

MILLER-LERMAN, J., not participating.