IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE INTEREST OF KATHRYN S. & LAUREN S.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF KATHRYN S. AND LAUREN S., CHILDREN UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

DEVI S., APPELLEE, AND DAVID S., INTERVENOR-APPELLANT.

Filed February 17, 2015.    No. A-14-576.

Appeal from the Separate Juvenile Court of Douglas County: ELIZABETH CRNKOVICH, Judge. Affirmed.

Jeffrey A. Wagner, of Schirber & Wagner, L.L.P., for intervenor-appellant.

Lisa C. Lewis, of Marks, Clare & Richards, L.L.C., for appellee Devi S.

No appearance for appellee State of Nebraska.

MOORE, Chief Judge, and INBODY and PIRTLE, Judges.

MOORE, Chief Judge.

## INTRODUCTION

David S., father of Kathryn S. and Lauren S., appeals from the order of the separate juvenile court for Douglas County that placed the children with him but did not award him custody.

## BACKGROUND

On February 13, 2014, the State filed a petition to adjudicate the children under Neb. Rev. Stat § 43-247(3)(a), alleging that they lacked proper parental care by reason of certain

alleged faults or habits of their mother, Devi S., which placed the children at risk for harm. No allegations about, or reference to, David were included in the petition. A motion for temporary custody was filed simultaneously with the petition, seeking an order of immediate temporary custody of the children in the Nebraska Department of Health and Human Services (DHHS) for placement in foster care to exclude the home of the mother. A sworn affidavit from a Child and Family Services Specialist for DHHS was attached to the motion. The affidavit states, in relevant part, that David is the biological father of the children, he lives in Des Moines, Iowa, and Devi and David have joint legal custody of the children. The affidavit recites the problems that arose with Devi while the children were in her care, and states that in January 2014, David retrieved the children, enrolled them in school in Iowa, and filed for emergency custody through his attorney. According to the affidavit, David informed the specialist that the custody hearing was continued until March 2014, and that his attorney advised him to return the children to Devi pending the hearing. David refused to return the children to Devi and she thereafter picked the children up from their school in Iowa on February 12 and returned to Omaha with them. The specialist stated her opinion that the "placement of [the] children [should] remain in the care of [DHHS], placement to EXCLUDE the parental home of [Devi], and INCLUDE the home of [David]." An order for immediate custody was entered on February 13, ordering DHHS to take custody of the children for placement in foster care or other appropriate placement, to exclude Devi's home.

On February 21, 2014, David filed a motion for placement, alleging that he is the natural father of the children; he has filed a complaint in intervention; and that since the case's inception the children have been placed with him. David alleged that placement with him is in the best interests of the children. We do not have the complaint in intervention in the record before us. On February 27, a hearing was held on continued detention, the complaint to intervene, and the motion for placement. David was present at this hearing and represented by counsel. No evidence was adduced at this hearing, although there was brief discussion about ongoing custody litigation concerning the family in Iowa. In an order entered the same day, the court noted that the parties had until March 27 to answer the complaint to intervene and continued the detention hearing and motion for placement to March 7. The court ordered that pending further hearing, the children were to remain in the custody of DHHS for appropriate care in a neutral foster home, with supervised visitation by both parents.

On March 7, 2014, both parents again appeared before the juvenile court and with counsel. Devi was advised of her rights as required by Neb. Rev. Stat. § 43-279.01 (2104 Cum. Supp.) and her counsel stated that Devi was not resisting continued detention by DHHS. David was informed of his right to intervene in the action and to be represented by an attorney. David was not asked whether he resisted continued custody of the children in DHHS or foster placement. In the order from this hearing entered on March 10, the court found that the State requested continued detention and detention was not resisted, that it would be contrary to the health, safety or welfare of the children to be returned home at this time, that it is in the children's best interests to remain in the temporary custody of DHHS, and that both parents should have reasonable rights of supervised visitation.

On March 26, 2014, David filed another Motion for Placement. He alleged that the children were in the custody of DHHS and had been placed in foster care, and that placement with him would be in the best interests of the children. Also on March 26, Devi filed an Answer to Complaint to Intervene and David filed a Reply on April 2. On April 4, a hearing was held following which an order was entered on April 9. This order, among other things, ordered psychiatric and psychological evaluations for Devi, and continued the hearing on the motion for placement and complaint to intervene to May 9. On April 14, a Nunc Pro Tunc Order was entered, wherein the court corrected the April 9 order, finding that David's complaint to intervene was sustained and David was granted leave to intervene and be made a party to these proceedings. The hearing on the motion for placement was continued to May 29 (which was subsequently continued to June 2 on the court's own motion).

At the June 2, 2014 hearing, the juvenile court addressed David's motion for placement. No testimony was given, although the petition, the motion for temporary custody (and attached affidavit), and previous court orders were admitted as exhibits. At the outset of the hearing, David's attorney advised the court that the relief he was seeking was that DHHS be relieved of responsibility for these children and for the court to "place" the children with David. David's attorney noted that the State may proceed as it wishes after that, and "then any custody issues would have to be resolved in the appropriate forum. This is not a custody hearing. I think we're a District Court hearing today."

After offering the exhibits noted above, David's attorney argued that "absent allegations against [David], the parental preference doctrine controls here and he should receive placement of his children. [DHHS] should be relieved of responsibility [concerning the children]". Devi's attorney argued that there is a good reason why the children shouldn't be immediately placed with David, however, Devi did not adduce any evidence in that regard. The guardian ad litem for Devi argued that there are concerns about David's ability to parent as well, but again, no evidence was adduced. Counsel for DHHS agreed that David was entitled to placement of the children in the absence of any allegations against him, but argued that relieving DHHS of the care and custody of the children would not be in the best interests of the children. Counsel for DHHS indicated that such would hinder the ability of DHHS to provide services, and because the case was still at the pre-adjudication phase, it was premature to relieve the Department. DHHS counsel also pointed out that David's motion was for placement and did not seek "full custody" or request that DHHS be relieved. The county attorney expressed concern about awarding "custody" to David because Devi is the custodial parent in the Polk County, Iowa court but agreed that placement should be with David. Again, neither DHHS nor the State offered any evidence. At the conclusion of the hearing, the court stated that it was not going to grant full custody to David as that should be for "Polk County" to decide. Because of the lack of evidence and the support of DHHS and the State, the court agreed to place the children with David, but retained custody in DHHS. The written order confirming this ruling was entered on June 5, finding that David's motion for placement is sustained and ordered the children to remain in the custody of DHHS for placement with David. David timely appeals from this order.

ASSIGNMENTS OF ERROR

On appeal, David asserts that (1) the juvenile court erred in failing to place custody of the children with him when there is no evidence that he is unfit to have custody and (2) the continued placement of custody of his children with DHHS violates his rights of substantive and procedural Due Process.

STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. *In re Interest of Shayla H.,* 289 Neb. 473, 855 N.W.2d 774 (2014).

ANALYSIS

*Jurisdiction.*

Before reaching the issues presented in this appeal, we must first determine whether we have jurisdiction to hear this appeal. The initial question is whether David can appeal the June 5, 2014 order which continued custody of the children with DHHS, given that the previous order of March 10 also continued custody with DHHS. David did not appeal from the March 10 order. The general rule is that a dispositional order which merely continues a previous determination is not an appealable order. See, e.g., *In re Interest of Diana M.*, 20 Neb. App. 472, 825 N.W.2d 811 (2013); *In re Interest of Sarah K.*, 258 Neb. 52, 601 N.W.2d 780 (1999).

David argues that he was not allowed to intervene in this matter until April 14, 2014 and that the June 2 hearing on his motion for placement was his first opportunity to be heard. Therefore, he asserts that the June 5 order resulting therefrom was the order which finally disposed of all issues in his motion. David argues that prior to June 5, there was not an order that pertained specifically to him regarding detention as all prior orders were issued based on the filings against Devi only. He asserts that the June 5 order is the first order that specifically addressed his request for custody of the children.

We agree with David that the June 5, 2014 order is a final, appealable order and we have jurisdiction to hear his appeal. In reviewing the record, it is clear that the court did not address any issues with respect to David until the hearing on June 2, with the exception of providing supervised visitation pending the continued hearings on detention, David's complaint to intervene, and David's motion for placement. At the March 7 hearing which resulted in the March 10 order, only Devi was advised of her rights as required by Neb. Rev. Stat. § 43-279.01. David, on the other hand, was advised only of his right to intervene in the proceeding and to have an attorney appointed for him if granted leave to intervene. At the March 7 hearing, only Devi was asked if she objected to the continued detention by DHHS and only Devi consented to continued detention.

Here, the question is whether David's failure to appeal from the order of March 10, 2014 precludes his appeal from the June 5 order. We recognize that a preadjudication order granting continued detention affects a parent's substantial right. *In re Interest of Tayla R.*, 17 Neb. App. 595, 767 N.W.2d 127 (2009). In addition, Neb. Rev. Stat. § 43-2,106.01(2)(c) provides that a

"parent" may appeal from a final order of the juvenile court. While David may have been able to appeal from the March 10 order given his status as a parent, his failure to do so does not preclude him from appealing the June 5, 2014 order, which was the final order ruling upon his motion for placement. A similar situation was presented in the case of *In re Interest of Stephanie H.*, 10 Neb. App. 908, 639 N.W.2d 668 (2002). In that case, the juvenile court entered orders on July 30 and August 9, 2001, which continued the children's detention with the Department. The order of August 9 also denied the mother's request for custody. The mother filed her notice of appeal on August 21. We determined that the August 9 order was a final, appealable order, and that we had jurisdiction.

We conclude that the order of June 5, 2014 is a final, appealable order, and we have jurisdiction to hear this appeal.

*Failure to Place Custody With Father.*

David argues that without allegations or evidence as to his unfitness, it was error for the juvenile court to continue their custody in DHHS.

Of significance to our decision is that the relief sought in David's motion for placement is that the children be "placed" with him. There is no allegation in the motion that continued custody by DHHS should be eliminated or request that the care and custody of the children be given to David. Although at the hearing on June 2, 2014, David's attorney argued that DHHS should be "relieved" of its responsibility, he further stated that placement was being sought and that it was not a custody hearing. Nevertheless, in this appeal, David argues that is entitled to custody. David relies upon *In re Interest of Stephanie H., supra*, in support of his argument. In that case, a juvenile petition was alleging that the children were within the meaning of § 43-247(3)(a) because they lacked proper parental care by reason of the father's faults, who was the custodial parent by virtue of a district court order in a divorce action with the mother. The children were removed from the father's care and placed with DHHS for placement in foster care. The noncustodial mother was not referenced in the petition, however, she thereafter moved for a detention review and asked for immediate custody of her children. At this detention review hearing, the mother was formally allowed to intervene. The mother presented evidence, including the fact that she had obtained a temporary custody order in the district court, following which the juvenile court denied her motion for placement.

On appeal in *Stephanie H.*, this court first discussed the burden of proof in a detention hearing in the situation where the petition is filed as to only one parent. We held that:

> [t]he burden is upon the State to allege and prove in a detention hearing that the juvenile court should not place children with their other natural parent after the expiration of the first 48 hours of emergency detention under Neb. Rev. Stat. § 43-250(4)(Cum. Supp. 2000) during a period of temporary detention pending adjudication spawned by allegations under § 43-247(3)(a) against their custodial parent.

*In re Interest of Stephanie H.*, 10 Neb. App. at 920, 639 N.W.2d at 679. As part of our rationale we referred to the recognized liberty interest parents have in raising their children and the due process protection which is afforded the parent-child relationship. *Id*. See also, *In re Interest of*

- 5 -

*Borius H. et al.*, 251 Neb. 397, 558 N.W.2d 31 (1997); *In re Interest of L.V.*, 240 Neb. 404, 482 N.W.2d 250 (1992); *In re Interest of Amanda H.*, 4 Neb. App. 293, 542 N.W.2d 79 (1996). We concluded in *Stephanie H.* that "due process require[d] notice of specific allegations against [the mother] with proof thereof by the State." 10 Neb. App. at 922, 639 N.W.2d at 680.

Most of our analysis in *Stephanie H.* focused on the fact that the juvenile court denied the mother's request for custody without any evidence of unfitness and instead placed them in foster care. Finding a denial of due process and no allegations of proof by the State that the mother should not have custody of her children, we reversed the order continuing placement of the children with DHHS, and we directed the juvenile court to place the children with the mother, pending adjudication of the allegations against the father in the juvenile petition. We noted that our decision did not preclude the State from coming forward, once the juvenile court reacquired jurisdiction upon receipt of our mandate, with allegations and proof that the mother was not a fit custodial parent of her children.

Because the words "placement" and "custody" are used somewhat interchangeably in the *Stephanie H.* case, it is not entirely clear from our opinion in that case whether DHHS retained custody of the children with placement in the mother or whether the mother was to receive custody to the exclusion of DHHS. Nevertheless, we find that the result reached in the instant case is essentially the same as we decided in *Stephanie H.*--the children were placed with the parent against whom no allegations or evidence of unfitness was presented, pending adjudication of the allegations of the other parent in the juvenile petition and possible further proceedings as to the parent with placement.

While it is true that there was no evidence adduced in this case to show that David is unfit, the procedural posture of this case leads us to conclude that the decision to place the children with David but retain custody in DHHS, at this pre-adjudication stage of the proceedings, was not in error. The motion for placement filed by David did not allege that he should be awarded the care and custody of the children or that DHHS should be relieved of its responsibility of the children. The parties were not on notice that anything other than placement was being sought, and thus, were not on notice that evidence concerning custody was required. The State and DHHS agreed with David's placement request but argued that further investigation was necessary with regard to custody, particularly given the pending proceedings in Iowa. Under the particular facts of this case, we agree. By reaching this conclusion, we do not preclude David from pursuing a change custody of the children from DHHS to himself upon a proper motion and an evidentiary hearing.

We find no error by the juvenile court in awarding David placement of the children, as he requested, but retaining custody in DHHS pending adjudication of the allegations against Devi in the juvenile petition. Likewise, we find no due process violation.

CONCLUSION

The juvenile court did not err or violate David's due process rights in placing the minor children with David but retaining custody in DHHS pending adjudication of the juvenile petition.

AFFIRMED.