*Nov. Term,*
*1855.*

FARREL
v.
THE STATE.

--- ◦ ---

## FARREL *v.* THE STATE.

The appeal provided for in criminal cases by section 148, p. 381, 2 R. S. 1852, takes the place of a writ of error, and will lie only in cases in which writs of error were formerly the appropriate remedy.

The word judgment, as used in said section, has reference to a final judgment only.

APPEAL from the *Vanderburgh* Circuit Court.

GOOKINS, J.—*Farrel* was indicted for perjury; was tried and convicted. He obtained a new trial, and, on leave, withdrew his plea of not guilty, and moved to quash the indictment. The Circuit Court denied his motion. The

7 345
148 181

*Monday,*
*December 24.*

Nov. Term,
1855.

FARREL
v.
THE STATE.

cause was continued, and is still pending in that Court. From the decision of the Circuit Court in refusing to quash the indictment, the defendant attempts to prosecute an appeal to this Court.

Counsel inform us that the appeal is taken under the 148th section, 2 R. S., 381, which is as follows:

"An appeal to the Supreme Court may be taken by the defendant, as a matter of right, from any judgment against him; and upon the appeal, any decision of the Court, or intermediate order made in the progress of the case, may be reviewed."

The appeal here provided for takes the place of a writ of error, which was the former mode of bringing a criminal cause before the Supreme Court; writs of error being abolished. Appeals will now lie only in cases in which writs of error were formerly the appropriate remedy.

The 148th section is general, allowing the appeal, as a matter of right, where judgment is given against the defendant. This has reference to a final judgment, as the subsequent sections, particularly the 151st, plainly show. The article provides for several cases of appeal, some by the state, and others by the defendant. The 151st section is general, applying to all, and requiring the appeal to be prosecuted within one year after judgment is rendered.

The provision contained in the 148th section, that on the appeal the defendant may have any intermediate order reviewed, does not import that it may be taken from such order before the cause is at an end. Nothing less than an express provision allowing an appeal from such an order, such as is contained in section 576, 2 R. S., p. 162, giving an appeal from certain interlocutory orders in civil cases, would authorize so anomalous a proceeding.

Being clearly of opinion that we have no jurisdiction of the case, the appeal must be dismissed.

*Per Curiam.*—The appeal is dismissed.

*J. Law* and *J. J. Chandler*, for the appellant.