WILLIAM H. GREEN AND JOHN BALDWIN, PLAINTIFFS IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

Criminal Law : WRIT OF ERROR : FINAL JUDGMENT. G. and B. were indicted for murder, and on the trial of the cause the jury, after remaining out several hours, returned into court with a written statement that they had agreed to disagree. The court apparently becoming satisfied that they could not agree discharged them in the absence of the accused and without their consent. The accused then moved for their discharge, which motion was overruled. *Held*, That the ruling of the court upon the motion was not such an order as can be reviewed on error before final judgment.

ERROR from Adams county, GASLIN, J.

*Hinman & Neville*, for plaintiffs in error.

*The Attorney General* and *C. W. McNamar*, for the State.

MAXWELL, CH. J.

It appears from the bill of exceptions and stipulation that the plaintiffs in error were indicted at the March, 1879, term of the district court of Adams county, for the murder of Luther Mitchell and that the jury on the trial of the cause being unable to agree, returned into court a written statement that they had agreed to disagree, and after some hesitation on the part of the court were discharged, the prisoners not being present at the time of such discharge, nor consenting thereto. The plaintiffs in error thereupon filed a motion to be discharged from custody for various causes set forth in the motion. The motion was overruled by the court and the accused remanded to the custody of the proper officer. They bring the cause into this court by a writ of error. Is the ruling of the court below upon the motion such a final judgment as will be reviewed on error in this court?

Section 480 of the criminal code provides that "a new trial, after a verdict of *conviction*, may be granted on the application of the defendant for any of the following reasons affecting materially his substantial rights:

*First.* Irregularity in the proceedings of the court, or the prosecuting attorney, or the witnesses for the state or any order of the court, or abuse of discretion, by which the defendant was prevented from having a fair trial.

*Second.* Misconduct of the jury, or the prosecuting attorney, or of the witnesses for the state.

*Third.* Accident or surprise, which ordinary prudence could not have guarded against.

*Fourth.* That the verdict is not sustained by sufficient evidence, and is contrary to law.

*Fifth.* Newly discovered evidence material for the defendant, which he could not with reasonable diligence have discovered and produced at the trial.

*Sixth.* Error of law occurring at the trial.

Section 503 provides for suspending the sentence in certain cases while proceedings in error are pending in the supreme court.

Section 508 provides that after *final judgment* writs of error may be allowed, etc. [Gen. Stat., 831, 833.]

A writ of error in this state is a writ of right, which is available to any person convicted of crime, for the purpose of having the case reviewed in the supreme court. [Const., Art. I., Sec. 23.] But it can issue only in cases where the judgment of the court below is final. In the case at bar the plaintiffs in error have not been convicted of the crime with which they stand charged in the indictment, nor has any final judgment been rendered in the case. If the order of the court overruling the motion to discharge the accused can be reviewed before a final judgment is rendered, why may not the ruling upon a motion to quash the indictment, or demurrer thereto, or a challenge to the array, or any interlocutory order, be subject to review, thus protracting a trial for years? But such is not the law.

A jury should not be permitted to return, in place of a verdict, a statement that they had *agreed* to disagree; and if they do so they are liable to fine and imprisonment for contempt.

Section 471 of the criminal code provides that a jury in a criminal case shall take the following oath: "You

shall well and truly try, and true deliverance make, between the state of Nebraska and the prisoner at the bar (giving his name). [Gen. Stat., 827.] It is the duty of a jury to endeavor to agree upon a verdict. Justice to the parties interested and the obligations of their oath require that this should be done, and any agreement upon their part to evade such duty is a violation of the same. As there is no final judgment in the case before this court, the proceedings must be dismissed for want of jurisdiction.

JUDGMENT ACCORDINGLY.