CHARLES GARTNER v. STATE OF NEBRASKA.

FILED FEBRUARY 15, 1893.   No. 5319.

1. **Criminal Law**: FINAL JUDGMENT: REVIEW ON ERROR.  The
rulings of the district court in a criminal case cannot be reviewed
by this court prior to the rendition of a final judgment in the
prosecution.

2. ———: INTERLOCUTORY ORDER: ERROR PROCEEDINGS.  An order
of the district court overruling a plea in abatement to an indict-
ment, is not a final order within the meaning of the statute,
and a petition in error cannot be prosecuted therefrom previous
to the prisoner's conviction.

ERROR to the district court for Pawnee county.   Tried
below before APPELGET, J.

The plaintiff in error was indicted for fraudulently dis-
posing of mortgaged property.   From an order overrul-
ing his plea in abatement he commenced a proceeding in
error.   *Dismissed.*

*G. M. Humphrey,* for plaintiff in error.

*George H. Hastings, Attorney General,* for the state:

The writ of error is available to any person convicted
of a crime, but can issue only in those cases where the
judgment of the lower court is final.   In this case the
plaintiff in error has been convicted of no crime, nor has
final judgment been entered.   The action is prematurely
brought to this court.   An order made by the trial court
upon a motion to quash an indictment or information, or
upon a challenge to the array or any other interlocutory
order cannot be reviewed until final judgment has been en-
tered. (*Grimes v. Chamberlain,* 27 Neb., 605; *Scofield v.
State National Bank,* 8 Id., 16; *Cockle Mfg. Co. v. Clark,*
23 Id., 702; *Daniels v. Tibbets,* 16 Id., 666; *Aspinwall v.
Aspinwall,* 18 Id., 463; *Green v. State,* 10 Id., 103; *Met-*

Gartner v. State.

calf's Case, 11 Coke [Eng.], 38; Rex v. Kenworthy, 3 Dowling & Rylands [Eng.], 173; People v. Merrill, 14 N. Y., 74; Loftin v. State, 11 Sm. & M. [Miss.], 358; Bogert v. People, 6 Hun [N. Y.], 262; Cochrane v. State, 30 O. St., 61; Kinsley v. State, Id., 508; Willingham v. State, 14 Ala., 539; Patten v. People, 18 Mich., 314; Hedges v. Madison Co., 1 Gilman [Ill.], 306; Peet v. McGraw, 21 Wend. [N. Y.], 667; People v. Stearns, 23 Id., 634; State v. Dillon, 3 Haywood [Tenn.], 174; Bishop, Criminal Procedure, sec. 1366; Wharton, Criminal Pleading and Practice, sec. 775; Inskeep v. State, 35 O. St., 482.)

NORVAL, J.

On the 21st day of April, 1891, an indictment was returned in the district court of Pawnee county against plaintiff in error, Charles Gartner, charging him with having fraudulently disposed of certain personal property, covered by a chattel mortgage, during the existence of the lien thereon. To this indictment plaintiff in error, at the October, 1891, term of said district court, filed a plea in abatement, alleging as grounds for quashing the indictment:

"1. That one Evan Davis, a member of the grand jury that found the indictment, was not, at the time of finding the same, a qualified elector in the state of Nebraska.

"2. The indictment was not found by a full and legal grand jury."

To this plea the county attorney answered by a general denial. The issue thus formed was tried to the court, and the plea in abatement was overruled. Whereupon plaintiff in error filed a motion for a new trial on his plea in abatement, which was overruled by the court, and an exception was taken to the ruling. The record shows that the cause was continued until the next succeeding term of the district court, and this appears to have been the last step taken in the case. There has been no trial upon the merits, nor has a final judgment been rendered.

We agree with the attorney general, that the case has been prematurely brought to this court. It has been held in this state, in an unbroken line of decisions in civil cases, that a writ of error does not lie to review the rulings of the district court in a cause until a final judgment has been rendered therein, disposing of the entire suit. And the rule is the same in criminal cases. (*Green v. State*, 10 Neb., 102.) An order of the district court overruling a plea in abatement to an indictment is interlocutory merely and not a final order, within the meaning of the statute governing proceedings in error. The ruling complained of cannot be reviewed upon error previous to the prisoner's conviction of the crime charged. (*Green v. State, supra; Kinsley v. State*, 3 O. St., 508; *Cochrane v. State*, 30 Id., 61; *Inskeep v. State*, 35 Id., 482; *People v. Merrill*, 14 N. Y., 74; *People v. Stearns*, 23 Wend. [N. Y.], 634; *Farrell v. State*, 7 Ind., 345; *Woolley v. State*, 8 Id., 377; *Pigg v. State*, 9 Id., 363; *Reese v. Beck*, Id., 238.) As there has been no final judgment in the court below, the petition in error is dismissed for want of jurisdiction.

DISMISSED.

THE other judges concur.