SHANE E. HERNANDEZ, APPELLEE, V.
REBECCA JEAN BLANKENSHIP, APPELLANT.
596 N.W. 2d 292

Filed July 9, 1999.    No. S-98-904.

Kent A. Schroeder and Vikki S. Stamm, of Ross, Schroeder & Romatzke, for appellant.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

Shane Hernandez (Hernandez), the biological father of Abrea Hernandez, brought a petition for change of custody in the district court for Dawson County, Nebraska. The child's mother, Rebecca Jean Blankenship, filed a general denial and a pretrial motion asking the district court to decline jurisdiction as an inconvenient forum pursuant to Neb. Rev. Stat. § 43-1207 (Reissue 1998) of the Nebraska Child Custody Jurisdiction Act (NCCJA). The court overruled the motion, finding that while Missouri was the child's home state, the court still had "significant connection" jurisdiction over the matter. Blankenship appealed this decision to the Nebraska Court of Appeals. Pursuant to our authority to regulate the docket of the Court of Appeals, we moved the case to our docket. Neb. Rev. Stat. § 24-1106(3) (Reissue 1995). We dismiss the appeal because the district court's order was not a final, appealable order.

## BACKGROUND

The child involved in this matter was born on October 23, 1992. Hernandez and Blankenship resided in Lexington, Nebraska, when the child was conceived and for 1½ years after the child was born. The couple were never married. In the summer of 1994, Blankenship moved back to her hometown of Joplin, Missouri, with the child and Hernandez.

On October 25, 1994, Hernandez returned to Nebraska with the child, without the knowledge or consent of Blankenship. On October 28, Hernandez filed a petition for custody and establishment of paternity with the district court for Dawson County, Nebraska.

After a hearing held on November 7, 1994, the court placed temporary custody with Blankenship. At a trial held in Dawson

County in March 1995, the court found that Hernandez was the biological father of the child. The court placed permanent custody of the child with Blankenship, subject to visitation by Hernandez. Blankenship did not raise any jurisdictional objections during these proceedings. Since February 1997, Blankenship has resided in St. Joseph, Missouri. Hernandez has continued living in Lexington.

Hernandez has regularly exercised his visitation rights, which allow the child to visit for 1 week each month. In March 1998, when the child was 5½ years old, Hernandez brought a petition for change of custody in the district court for Dawson County. Blankenship has brought no legal action in Missouri. The custody proceeding in the district court was stayed pending the outcome of this appeal.

## ASSIGNMENTS OF ERROR

Blankenship assigns, rephrased, the following errors: (1) The court erred in overruling Blankenship's motion asking the court to decline jurisdiction, (2) the court erred in determining that it had continuing jurisdiction over the matter under the NCCJA, (3) the court erred in finding that its continuing jurisdiction over the matter was not affected by the child's residence in another state for 6 months or more, (4) the court erred in finding that the child still had a significant connection to the State of Nebraska, and (5) the court erred in finding that deference to another state's jurisdiction is given only after the child and all of the parties involved have moved out of Nebraska.

## STANDARD OF REVIEW

On questions of law, an appellate court has an obligation to reach its own conclusions independent of those reached by the lower courts. *Nelson v. City of Omaha*, 256 Neb. 303, 589 N.W.2d 522 (1999).

## ANALYSIS

This appeal involves a custody proceeding still pending before the district court. Blankenship has brought an appeal regarding the district court's order overruling a motion to decline jurisdiction. Blankenship's motion asked the district court, inter alia, to decline to exercise its jurisdiction "as this

238

Court is an inconvenient forum to make the custody determination." Blankenship at oral argument conceded that the district court had jurisdiction to determine the custody issue but argued that the district court should decline to do so as an "inconvenient forum" pursuant to § 43-1207. As a preliminary matter, we must determine whether this appeal is properly before the court as a final order.

A party may appeal from a court's order only if the decision is a final, appealable order. Neb. Rev. Stat. § 25-1902 (Reissue 1995) states:

An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified or reversed, as provided in this chapter.

Section 25-1902 sets out three types of final orders. The first category of final orders covers those which determine the action and prevent judgment. *Tess v. Lawyers Title Ins. Corp.*, 251 Neb. 501, 557 N.W.2d 696 (1997). This category is inapplicable here. Overruling a motion to decline jurisdiction as an inconvenient forum does not determine the action or prevent judgment, because the underlying cause still proceeds.

This first type of final order is sometimes described as a "death knell" order; that is, the decision by the court effectively ends the litigation. This is clearly seen in *Tess*, where the court dismissed a cause of action with prejudice, preventing a judgment regarding that cause of action, and dismissed a defendant, preventing a judgment regarding that defendant.

The third category of final orders in § 25-1902 covers those made on summary application after judgment. *Moulton v. Board of Zoning Appeals*, 251 Neb. 95, 555 N.W.2d 39 (1996). This category is also inapplicable here, because there has been no judgment regarding custody.

The only possible category available to Blankenship is the second one. This covers orders "affecting a substantial right made in a special proceeding." § 25-1902. However, because overruling a motion to decline jurisdiction as an inconvenient forum under § 43-1207 does not affect a substantial right, we

hold that the order of the district court was not a final, appealable order.

Orders which fall in the second category of § 25-1902 must meet two requirements: a substantial right must be affected, and the court's order must be made in a special proceeding. *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999). The substantial right requirement is common to all three categories but has been frequently discussed by this court in the context of the second category. See, *Holste, supra*; *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997); *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991), *disapproved on other grounds, O'Connor v. Kaufman*, 255 Neb. 120, 582 N.W.2d 350 (1998).

A substantial right is an essential legal right, not merely a technical right. *Holste, supra*, citing *SID No. 1 v. Nebraska Pub. Power Dist.*, 253 Neb. 917, 573 N.W.2d 460 (1998).

When an order affects the subject matter of the litigation, by diminishing a claim or defense available to a defendant, this affects a substantial right. *Holste, supra.* Also, if an order significantly impinges on a constitutional right, for example, parents' liberty interest in raising their children, *In re Interest of R.G., supra*, or a criminal defendant's right not to be subjected to double jeopardy, *State v. Milenkovich*, 236 Neb. 42, 458 N.W.2d 747 (1990), this affects a substantial right.

The district court's order did not diminish Blankenship's available claims and defenses regarding custody of the child. The district court simply retained jurisdiction of the custody matter. When the matter proceeds to trial, Blankenship will still have at her disposal all possible claims and defenses regarding custody of the child. Blankenship suffers no diminishment of any claim or defense as a result of the district court's decision to retain jurisdiction. Further, the court's order here did not address the custody of the child, as in *State ex rel. Reitz v. Ringer*, 244 Neb. 976, 510 N.W.2d 294 (1994). While a custody determination affects a substantial right, overruling a motion to decline jurisdiction as an inconvenient forum under § 43-1207 does not.

The district court's order also does not substantially impinge on any constitutional right of Blankenship. A motion to decline jurisdiction under § 43-1207 is most analogous to a

forum non conveniens motion, which allows the court to decline jurisdiction when the convenience of the parties and the ends of justice would be better served if the action were brought in another forum. *Qualley v. Chrysler Credit Corp.*, 191 Neb. 787, 217 N.W.2d 914 (1974). Such a motion is not typically reviewable until after final judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 108 S. Ct. 1945, 100 L. Ed. 2d 517 (1988).

■ Proceeding with a custody case in Missouri may be more personally convenient for Blankenship; however, the fact that a person is subjected to inconvenience by a court's order does not in and of itself entitle one to appeal. See *Rehn v. Bingaman*, 157 Neb. 467, 59 N.W.2d 614 (1953). Here, the record presents no constitutional concerns regarding the appropriateness of litigating this matter before the district court for Dawson County.

An order overruling a motion to decline jurisdiction as an inconvenient forum under § 43-1207 does not diminish any of Blankenship's claims or defenses, nor does it substantially impinge on any constitutional right of Blankenship. Thus, the district court's order did not affect a substantial right of Blankenship. Having made this determination, it is unnecessary for us to address whether a motion under § 43-1207 involves a special proceeding.

## CONCLUSION

■ The order of the district court overruling a motion to decline jurisdiction under § 43-1207 does not affect a substantial right and is thus not a final, appealable order. Because the decision by the district court was not a final, appealable order, it is unnecessary to reach the assignments of error.

APPEAL DISMISSED.