STATE OF NEBRASKA, APPELLEE, V.
STUART R. PRUETT, APPELLANT.
606 N.W. 2d 781

Filed February 11, 2000. No. S-98-1321.

Dennis R. Keefe, Lancaster County Public Defender, and Robert G. Hays for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE
This is an appeal by Stuart R. Pruett from an order of the district court which overruled his motion to quash count II of the information filed against him.

## SCOPE OF REVIEW
Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *US Ecology v. State, ante* p. 10, 601 N.W.2d 775 (1999).

■ A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Id.*

## FACTS

On August 18, 1998, an information was filed against Pruett in the district court for Lancaster County. Count I charged Pruett with manslaughter, in violation of Neb. Rev. Stat. § 28-305 (Reissue 1995), and count II charged Pruett with use of a firearm to commit a felony, in violation of Neb. Rev. Stat. § 28-1205 (Reissue 1995). Manslaughter is a Class III felony punishable by a maximum of 20 years' imprisonment, a $25,000 fine, or both. Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 1998). Use of a firearm to commit a felony is a Class II felony punishable by a maximum of 50 years' imprisonment and a minimum of 1 year's imprisonment. *Id.*

On August 25, 1998, Pruett filed a motion to quash count II of the information on the basis that it charged him with using a weapon to commit an unintentional act. The motion was subsequently overruled.

## ASSIGNMENT OF ERROR

Pruett's sole assignment of error is that the district court erred in overruling his motion to quash.

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *US Ecology v. State, supra.* A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Id.*

■ The issue presented is whether the overruling of a motion to quash is a final, appealable order. A party may appeal from a court's order only if the decision is a final, appealable order. An order is final if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on a summary applica-

tion in an action after judgment is rendered. *City of Omaha v. Morello*, 257 Neb. 869, 602 N.W.2d 1 (1999).

The first category of final, appealable orders includes those which determine the action and prevent judgment. See *Tess v. Lawyers Title Ins. Corp.*, 251 Neb. 501, 557 N.W.2d 696 (1997). This category is inapplicable here. Even if the motion to quash had been sustained, Pruett would still be charged with count I, manslaughter.

The third category of final, appealable orders includes those made on summary application after judgment. See *Moulton v. Board of Zoning Appeals*, 251 Neb. 95, 555 N.W.2d 39 (1996). No judgment has been rendered in this case. Thus, this category is also inapplicable here.

The remaining category includes orders which affect a substantial right and are made in a special proceeding. See *Hernandez v. Blankenship*, 257 Neb. 235, 596 N.W.2d 292 (1999). A substantial right is an essential legal right, not merely a technical right. *Id.* When an order affects the subject matter of the litigation, by diminishing a claim or defense available to a defendant, this affects a substantial right. *Id.*

The charge alleged in count II does not diminish a claim or defense available to Pruett with regard to count I. If Pruett were to be convicted of the charges, he would not be prohibited from raising on appeal the issue of whether one can be charged with using a weapon to commit an unintentional act. Therefore, we conclude that the overruling of the motion to quash does not affect a substantial right and is therefore not a final, appealable order.

## CONCLUSION

Having concluded that there is no final, appealable order in this case, we must dismiss the appeal for lack of jurisdiction.

APPEAL DISMISSED.