775 N.W.2d 470 (2009)
18 Neb. App. 153
In re Interest of MARCELLA B. and Juan S., children under 18 years of age.
State of Nebraska, appellee, and
Candice J. Novak, guardian ad litem, appellant,
v.
Latisha J., appellee.
No. A-09-382.
Court of Appeals of Nebraska.
November 24, 2009.
*474 Candice J. Novak, of Thomas G. Incontro, P.C., L.L.O., guardian ad litem.
Thomas C. Riley, Douglas County Public Defender, and Martha J. Wharton for appellee Latisha J.
SIEVERS and CASSEL, Judges, and HANNON, Judge, Retired.
SIEVERS, Judge.
Latisha J. is the natural mother of Marcella B. and Juan S. The State filed a petition, based upon allegations of physical abuse, to adjudicate the children under Neb.Rev.Stat. § 43-247(3)(a) (Reissue 2008). Before the adjudication hearing, the appointed guardian ad litem, Candice J. Novak, made a motion to have Marcella's testimony be heard in chambers. The separate juvenile court of Douglas County overruled the motion on April 3, 2009 (April 3 order), and Novak has appealed that order to this court. We dismiss the appeal because the juvenile court's April 3 order is not a final, appealable order, and therefore, this court lacks jurisdiction over this appeal.

FACTUAL AND PROCEDURAL BACKGROUND
On January 26, 2009, the State filed a petition in the separate juvenile court of Douglas County, alleging that Marcella and Juan were children within the meaning of § 43-247(3)(a) by reason of the faults or habits of their natural mother, Latisha, because Latisha has subjected Marcella to inappropriate physical contact and failed to provide Marcella and Juan with appropriate care, support, and/or supervision. The State also filed a motion for temporary custody of Marcella and Juan to be placed with the Department of Health and Human Services, which motion was granted by the court.
On March 3, 2009, Novak filed a motion to allow Marcella's testimony to be heard in chambers at the adjudication hearing, which hearing the court had previously set for April 7. The hearing on Novak's motion was held on March 9 and 23, when a therapist who had evaluated Marcella testified that having Marcella testify in front of her mother would cause Marcella harm. The court, in its April 3 order, overruled Novak's motion for in-chambers testimony because the court could not find by a preponderance of the evidence that the guardian ad litem met the burden of proof required by In re Interest of Brian B. et al., 268 Neb. 870, 689 N.W.2d 184 (2004). The court stated that it

*475 distinguishes [the therapist's] speculation in the instant case from the educated guess of [the] therapist ... in Brian B. in the following respect. The therapist in Brian B. was able to identify how the child's diagnosis manifests itself not only in the larger population, but also had a basis to render an opinion because of a treatment history with the child. Such is not the situation with [the] therapist ... in the instant matter.
Novak filed her notice of appeal of the juvenile court's April 3 order on April 7, 2009.

ASSIGNMENTS OF ERROR
Novak, the guardian ad litem, assigns as error that the juvenile court erred when it (1) overruled Novak's motion to allow in-chambers testimony; (2) applied an incorrect standard in determining whether Marcella should have been allowed to testify in chambers; and (3) failed to recognize that Marcella had a right to testify in chambers due to the undisputed evidence of harm that would result from courtroom testimony, given the rights granted Novak under Neb.Rev.Stat. § 43-246 (Reissue 2008).

STANDARD OF REVIEW
When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decisions made by the lower courts. In re Interest of Anaya, 276 Neb. 825, 758 N.W.2d 10 (2008).
Juvenile cases are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the juvenile court's findings. In re Interest of Taylor W., 276 Neb. 679, 757 N.W.2d 1 (2008).

ANALYSIS

Finality of April 3 Order.
Novak, in her capacity as Marcella's guardian ad litem, argues that the juvenile court erred in overruling the motion for in-chambers testimony. However, Latisha argues that the April 3 order was not a final, appealable order, meaning that this court does not have jurisdiction to review this matter. In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. In re Interest of Taylor W., supra.
For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken. Keef v. State, 262 Neb. 622, 634 N.W.2d 751 (2001). There are three types of final orders that can be reviewed on appeal: an order which affects a substantial right and which determines the action and prevents a judgment, an order affecting a substantial right made during a special proceeding, and an order affecting a substantial right made upon summary application in an action after a judgment is rendered. See Richardson v. Griffiths, 251 Neb. 825, 560 N.W.2d 430 (1997); Neb.Rev.Stat. § 25-1902 (Reissue 2008). Of the three types of final orders referenced above, the April 3 order is clearly not an order that determined the action and prevented judgment, because the action is ongoing as to all parties. Nor was it an order made on summary application after judgment, because there has been no judgment in this case. Therefore, overruling the motion for in-chambers testimony can be a final order only if it is an order affecting a substantial right made in a special proceeding.
*476 Orders affecting a substantial right in a special proceeding must, by definition, meet two requirements: a substantial right and a special proceeding. See Hernandez v. Blankenship, 257 Neb. 235, 596 N.W.2d 292 (1999). Nebraska law is clearly established that a proceeding before a juvenile court is a special proceeding for appellate purposes. In re Interest of Anthony R. et al., 264 Neb. 699, 651 N.W.2d 231 (2002). See In re Interest of R.G., 238 Neb. 405, 470 N.W.2d 780 (1991), disapproved on other grounds, O'Connor v. Kaufman, 255 Neb. 120, 582 N.W.2d 350 (1998). Therefore, the inquiry is whether overruling the motion for in-chambers testimony affected a substantial right of Marcella, given that she is, in essence, the appealing party through her guardian ad litem. In other words, does Marcella have a right to testify in chambers, instead of in the presence of her mother, and if so, is such right a "substantial" right? Based upon the procedural posture of the case and Novak's arguments in her brief, the substantial right that is allegedly affected by the April 3 order is Marcella's right to testify outside the presence of her mother at the adjudication hearing. However, in neither the jurisdiction section nor the argument section of Novak's brief does Novak provide statutory or case law authority showing that the victim of parental abuse has a right, substantial or otherwise, to testify outside of the presence of the parent who is the alleged abuser.
When determining whether an order is final, a substantial right is an essential legal right, not a mere technical right. In re Interest of Enrique P. et al., 14 Neb.App. 453, 709 N.W.2d 676 (2006). When an order affects the subject matter of the litigation, by diminishing a claim or defense available to a defendant, this affects a substantial right. Hernandez v. Blankenship, supra. If an order significantly impinges on a constitutional right, for example, parents' liberty interest in raising their children or a criminal defendant's right not to be subjected to double jeopardy, this affects a substantial right. Id.
It is well established in Nebraska that the relationship between parent and child is constitutionally protected. In re Interest of D.W., 249 Neb. 133, 542 N.W.2d 407 (1996). The right of parents to maintain custody of their child is a natural right, subject only to the paramount interest which the public has in the protection of the rights of the child. In re Interest of Brian B. et al., 268 Neb. 870, 689 N.W.2d 184 (2004). Many cases involving final orders from a juvenile proceeding pertain to a parent's right. See, In re Interest of R.G., supra (temporary order returning custody of juvenile to parent unless State filed petition requesting continued detention is not final order, but order to keep juvenile's custody from parent pending adjudication hearing was final order); In re Interest of Jaden H., 10 Neb.App. 87, 625 N.W.2d 218 (2001) (order of partial summary judgment entered in proceeding to adjudicate child as lacking proper parental care is final order); In re Interest of Joshua M. et al., 4 Neb.App. 659, 548 N.W.2d 348 (1996) (temporary order keeping juvenile's custody from parent for short period of time is not final, but order after hearing which continues to keep custody from parent pending adjudication hearing is final). The Nebraska Supreme Court has found that an order concerning placement or custody of children affects a substantial right because the parent's liberty interest in raising his or her children is implicated. In re Interest of R.G., 238 Neb. 405, 470 N.W.2d 780 (1991), disapproved on other grounds, O'Connor v. Kaufman, 255 Neb. 120, 582 N.W.2d 350 (1998). The court specifically *477 considers the object of the order and the length of time over which the parent's relationship with the juvenile could reasonably be expected to be disturbed to determine if such liberty interest is affected. See id.
However, Latisha's rights to parent are not at issue here. Rather, the question is whether Marcella has a right to testify outside of the presence of her mother. When constitutional rights, such as a parent's liberty interest, are not implicated by the order, we are less likely to find a substantial right. See, Steven S. v. Mary S., 277 Neb. 124, 760 N.W.2d 28 (2009) (order for physical or mental examination does not affect substantial right and is not final order); In re Guardianship of Sophia M., 271 Neb. 133, 710 N.W.2d 312 (2006) (order requiring psychological evaluation of mother was not final order, and order denying mother's visitation pending final guardianship hearing was not final order); In re Interest of Anthony G., 6 Neb.App. 812, 578 N.W.2d 71 (1998) (State's parens patriae right is not substantial right, and order returning custody of child to parents is not final order).
There is no precedent recognizing a constitutional right for a victim to testify against the accused. See, U.S. Const. amend. V and VI; Ambles v. State, 259 Ga. 406, 383 S.E.2d 555 (1989). In Ambles, supra, the Georgia Supreme Court found that in a criminal trial for child molestation, witness competency statutes were constitutional because while a defendant has a fundamental right in a criminal trial to testify in his own behalf under the Fifth and Sixth Amendments to the U.S. Constitution, no corresponding right of the victim has been identified. The Georgia court further reasoned that "any right of the victim to testify in a criminal trial is necessarily subject to the prosecutor's discretion. ... Neither is there any unqualified right of the state to obtain the testimony of the victim." Ambles, 259 Ga. at 409, 383 S.E.2d at 558. The Georgia court further held that the victim's right to testify may be limited by the state legislature for a legitimate purpose. Similarly, our precedent imposes limits on testimony by children, dependent on age, maturity, and understanding. See, State v. Earl, 252 Neb. 127, 560 N.W.2d 491 (1997); State v. Roenfeldt, 241 Neb. 30, 486 N.W.2d 197 (1992); State v. Guy, 227 Neb. 610, 419 N.W.2d 152 (1988). Therefore, we conclude that Marcella has no constitutional right to testify in juvenile proceedings.
We acknowledge that the purpose of the adjudication phase of an abuse and neglect proceeding is to protect the interests of the child. In re Interest of Rebekah T. et al., 11 Neb.App. 507, 654 N.W.2d 744 (2002). While we note that the court has a responsibility to protect Marcella, there are safeguards in place to protect her from harm caused by testimony in front of Latisha. In re Interest of Danielle D. et al., 257 Neb. 198, 595 N.W.2d 544 (1999), requires, on a motion for a child's in-chambers testimony, that the State provide the child's parents with notice, that the court conduct a hearing to determine if reasons exist to exclude the parents from the child's testimony, and that the State show that such testimony in the parents' presence would be harmful to the child. The trial court then has the discretion to determine if there are legitimate concerns about the child's testifying in front of his or her parents. See id. See, also, In re Interest of Brian B. et al., 268 Neb. 870, 689 N.W.2d 184 (2004). Such procedures were followed in this case. As an analogy, for the court to grant discovery motions, a moving party must make a showing of good cause, and such standards serve as protection of the *478 best interests of the child. See Steven S. v. Mary S., 277 Neb. 124, 760 N.W.2d 28 (2009) (discovery motions ordering psychological examinations in custody modification are not final orders). The Nebraska Supreme Court further says in Steven S. v. Mary S. that error in granting or overruling discovery motions is also reviewable at a later stage. A motion for in-chambers testimony would also be reviewable on appeal. See In re Interest of Danielle D. et al., supra (trial court's allowing 16-year-old child to testify in chambers was abuse of discretion when parents were not given advance notice of State's request that child's testimony be taken in chambers and State made no showing that presence of mother and stepfather during child's testimony would have been harmful to child).
Admittedly, if Marcella were to testify at the adjudication hearing in the presence of her mother, no appellate court can "undo" that. Nonetheless, "allowing an interlocutory appeal in this case promotes significant delay in the [juvenile] proceedings and the ultimate resolution of... custody." In re Guardianship of Sophia M., 271 Neb. 133, 138, 710 N.W.2d 312, 317 (2006). Generally, delaying juvenile proceedings to grant interlocutory appeals is antagonistic to the child's best interests. See In re D.W., 741 N.W.2d 821 (Iowa App.2007) (unpublished disposition listed in table of "Decisions Without Published Opinions" at 741 N.W.2d 821 (Iowa App.2007)). We agree with the general concept articulated by the Iowa court.
For these reasons, we find that Marcella does not have a substantial right to testify outside of the presence of her mother in this juvenile proceeding, and therefore, the April 3 order denying the motion for in-chambers testimony is not a final order that is subject to an interlocutory appeal.

Collateral Order Doctrine.
Novak also argues that if the order overruling the motion for in-chambers testimony was not a final order, the order should nevertheless be reviewable under the collateral order doctrine. Hallie Mgmt. Co. v. Perry, 272 Neb. 81, 718 N.W.2d 531 (2006). To fall within the collateral order doctrine, an order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment. Id. The motion for in-chambers testimony was conclusively determined by the juvenile court in its April 3 order. However, the second two requirements under the collateral order doctrine are not met. Whether Marcella's testimony occurs in chambers, in open court during the adjudication hearing, or not at all can hardly be said to be completely separate from the merits of the action. Rather, like discovery motions, the issue is enmeshed in the merits of the adjudication action. See State v. Pratt, 273 Neb. 817, 733 N.W.2d 868 (2007). In addition, as we discussed earlier, a motion for in-chambers testimony is reviewable on appeal for an abuse of discretion by the juvenile court. Because all three requirements are not met, we do not have authority to review the April 3 order under the collateral order doctrine.

Independent Grounds for Appeal.
Novak also argues that this court should find independent grounds for appeal, "pursuant to its obligation to provide a `procedure' to assure that Marcella is afforded `care and protection' during the juvenile court process" under § 43-246(1) and (7). Brief for appellant at 1. Section 43-246 acknowledges that the juvenile courts have a responsibility to protect the public peace. Specifically, § 43-246(1) *479 states it is the juvenile court's responsibility "[t]o assure the rights of all juveniles to care and protection and a safe and stable living environment and to development of their capacities for a healthy personality, physical well-being, and useful citizenship and to protect the public interest." Similarly, § 43-246(7) states it is the juvenile court's responsibility "[t]o provide a judicial procedure through which these purposes and goals are accomplished and enforced in which the parties are assured a fair hearing and their constitutional and other legal rights are recognized and enforced." The preadjudication hearing on the guardian ad litem's motion provides that protection. Finally, § 43-246 does not in any way address appellate jurisdiction over juvenile proceedings, and we decline to read into such statute any modification of the appellate courts' longstanding aversion to interlocutory appeals except in limited circumstances, which are not present here.

CONCLUSION
The juvenile court's April 3 order was not a final, appealable order. In the absence of a final order from which an appeal may be taken, the appeal must be dismissed for lack of jurisdiction. In re Adoption of Krystal P. & Kile P., 248 Neb. 907, 540 N.W.2d 312 (1995).
APPEAL DISMISSED.