Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/06/2018 08:13 AM CST

- 588 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF EZRA C.
Cite as 25 Neb. App. 588

In re Interest of Ezra C., a child
under 18 years of age.
State of Nebraska, appellee, v. Stephanie K. and
Kenneth K., appellees, and Nebraska Department
of Health and Human Services, appellant.

___ N.W.2d ___

Filed March 6, 2018.    No. A-17-699.

1. **Judgments: Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.

2. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.

3. **Final Orders: Appeal and Error.** Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), there are three types of final orders which may be reviewed on appeal: (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered.

4. **Juvenile Courts: Appeal and Error.** A proceeding before a juvenile court is a special proceeding for appellate purposes.

5. **Final Orders: Appeal and Error.** Numerous factors determine when an order affects a substantial right for purposes of appeal. Broadly, these factors relate to the importance of the right and the importance of the effect on the right by the order at issue.

6. **Final Orders.** Whether the effect of an order is substantial depends on whether it affects with finality the rights of the parties in the subject matter.

7. **Juvenile Courts: Minors.** The State's right in juvenile proceedings is derived from its parens patriae interest, and it is pursuant to that interest that the State has enacted the Nebraska Juvenile Code.

- 589 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF EZRA C.
Cite as 25 Neb. App. 588

8. \_\_\_\_: \_\_\_\_. The State's right is especially prominent in juvenile adjudications, because the purpose of the adjudication phase of a juvenile proceeding is to protect the interests of the child.

9. \_\_\_\_: \_\_\_\_. Once a child is adjudicated, the State's interest in protecting the child becomes greater and more necessary.

10. **Juvenile Courts: Jurisdiction: Appeal and Error.** An appellate court is without jurisdiction on appeal when a juvenile court's order does not constitute an adjudicative or dispositive action in the proceedings as no substantial right has been affected.

11. **Juvenile Courts: Judgments: Appeal and Error.** An order in juvenile proceedings denying a motion for a psychosexual evaluation is not a final, appealable order, because it does not involve a substantial right of the State.

12. **Juvenile Courts: Child Custody: Appeal and Error.** Allowing an interlocutory appeal promotes significant delay in the juvenile proceedings and the ultimate resolution of custody.

13. **Juvenile Courts: Appeal and Error.** Generally, delaying juvenile proceedings to grant interlocutory appeals is antagonistic to the child's best interests.

Appeal from the County Court for Cheyenne County: Paul G. Wess, Judge. Appeal dismissed.

Neleigh N. Boyer, Special Assistant Attorney General, of Nebraska Department of Health and Human Services, for appellant.

No appearance for appellees.

Pirtle, Bishop, and Arterburn, Judges.

Arterburn, Judge.

## INTRODUCTION

The Nebraska Department of Health and Human Services (DHHS) appeals an order of the county court for Cheyenne County, sitting as a juvenile court, overruling DHHS' motion to require Kenneth K., the child's stepfather, to undergo a psychosexual evaluation. For the reasons set forth below, we dismiss this appeal due to a lack of jurisdiction.

- 590 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF EZRA C.
Cite as 25 Neb. App. 588

## BACKGROUND

On April 22, 2016, a juvenile petition and supporting affidavit were filed with the county court for Cheyenne County alleging that Ezra C., born in 2014, was a child within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Supp. 2015) and also filed was a "Motion for Ex Parte Order of Temporary Custody." That same day, the county court entered a temporary order placing Ezra in the custody of DHHS for out-of-home placement.

On May 25, 2016, an amended petition was filed alleging that Ezra was a child within the meaning of § 43-247(3)(a) for the reason that he is in a situation injurious to his health or morals. Stephanie K., who is Ezra's mother, and Kenneth each entered no contest pleas to the amended petition on May 25. The county court found Ezra to be adjudicated within the meaning of § 43-247(3)(a) that same day.

On July 21, 2016, the guardian ad litem filed a motion for a sex offender risk assessment, requesting that the court order both Stephanie and Kenneth to participate in a sex offender risk assessment. The county court held a dispositional hearing, as well as a hearing on the motion for a sex offender risk assessment, on July 27. During the dispositional phase of the hearing, the court ordered that custody of Ezra was to continue with DHHS with physical placement in his foster home. The county court ordered that Kenneth complete a sex offender risk assessment. A review hearing was scheduled on September 14, but was continued because the sex offender risk assessment was not completed by Kenneth. The county court held a review hearing on September 22. The court entered an order after the review hearing which rescinded its previous order requiring Kenneth to complete a sex offender risk assessment.

It is apparent from the totality of the record, though we do not have the specific orders before us, that Ezra was reunified with Stephanie and Kenneth sometime between December 14, 2016, and January 19, 2017. There is no record of DHHS'

- 591 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF EZRA C.
Cite as 25 Neb. App. 588

appealing the order of reunification. The record demonstrates that the State, through the deputy county attorney, filed on March 30 a motion to schedule a hearing to terminate the juvenile court's jurisdiction. That hearing was held on April 6. The county court denied the motion on the date of the hearing. DHHS filed a motion on April 17 requesting that Kenneth be required to complete a sex offender risk assessment. The county court denied the motion on April 26. An amended motion for an evaluation was filed by DHHS on May 16, requesting the county court to order Kenneth to participate in a psychosexual evaluation.

The county court held a hearing on the motion on May 24, 2017. Testimony from two psychologists, as well as a letter from a third, was received by the county court. Additionally, caseworkers from DHHS testified during the hearing. Generally, the testimony centered on past allegations regarding sexual misconduct by Kenneth. The testimony established that a safety plan was in place at the home. After argument, the county court iterated that even if the psychosexual evaluation were performed, the proceedings would be in a substantially similar circumstance as if the psychosexual evaluation had not been performed. The county court took the matter under advisement and entered a written order on June 5 denying DHHS' amended motion for an evaluation. DHHS appeals that order here.

ASSIGNMENT OF ERROR

DHHS argues the county court erred in denying its motion for a psychosexual evaluation.

STANDARD OF REVIEW

[1,2] A jurisdictional issue that does not involve a factual dispute presents a question of law. *In re Interest of LeVanta S.*, 295 Neb. 151, 887 N.W.2d 502 (2016). An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. *Id.* When the evidence is in conflict, however, an appellate court

- 592 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF EZRA C.
Cite as 25 Neb. App. 588

may give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other. *Id.*

## ANALYSIS

DHHS argues that the county court erred in denying its motion for a psychosexual evaluation of Ezra's stepfather, Kenneth. DHHS argues that this order is a final, appealable order as it substantially affects their ability to litigate the case as guardian of the child. It asserts that based on the Nebraska Juvenile Code and the State's parens patriae interest in the proceedings, the county court abused its discretion in denying the motion.

The jurisprudence regarding this area of the law is not well-developed. However, based on the established case law, we are able to determine that the order denying a motion for a psychosexual evaluation is not a final, appealable order. The order does not involve a substantial right of the State. The order does not involve a dispositional issue in the proceedings. Finally, the order does not involve placement, permanent or otherwise, of the juvenile. Therefore, we determine that the appeal must be dismissed for a lack of jurisdiction.

[3,4] Our jurisdiction to review the county court's June 5, 2017, order denying the motion for psychosexual evaluation depends on whether it is a final order. Under Neb. Rev. Stat. § 25-1902 (Reissue 2016), there are three types of final orders which may be reviewed on appeal: (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered. *In re Interest of Noah B. et al.*, 295 Neb. 764, 891 N.W.2d 109 (2017). The first and third categories of final orders are not implicated here. But a proceeding before a juvenile court is a special proceeding for appellate purposes, so we must determine whether the order dismissing the State's supplemental petition affected a substantial right. See *id.*

- 593 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF EZRA C.
Cite as 25 Neb. App. 588

[5,6] Numerous factors determine when an order affects a substantial right for purposes of appeal. Broadly, these factors relate to the importance of the right and the importance of the effect on the right by the order at issue. *Id.* It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial. *Id.* Whether the effect of an order is substantial depends on whether it affects with finality the rights of the parties in the subject matter. *Id.* See *Deines v. Essex Corp.*, 293 Neb. 577, 879 N.W.2d 30 (2016).

The term "substantial right" has been defined in various ways. For example, the Nebraska Supreme Court has stated that a substantial right is an essential legal right, not a mere technical right. *In re Interest of Karlie D.*, 283 Neb. 581, 811 N.W.2d 214 (2012). A substantial right is affected if an order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which the appeal is taken. *Id.* But the application of these definitions in juvenile cases, where the best interests of the child are the primary concern, has not always been clear. Most of the cases dealing with the finality of juvenile court orders involve the substantial right of a parent. See, e.g., *In re Interest of Ty M. & Devon M.*, 265 Neb. 150, 655 N.W.2d 672 (2003); *In re Guardianship of Rebecca B. et al.*, 260 Neb. 922, 621 N.W.2d 289 (2000). Here, it is the substantial right of the State, if any, which is at issue. For purposes of this analysis, DHHS and the State are one and the same because DHHS is a state agency.

[7,8] The substantial right of a parent in juvenile proceedings is a parent's fundamental, constitutional right to raise his or her child. *In re Interest of Karlie D., supra*. See *In re Interest of Anthony G.*, 255 Neb. 442, 586 N.W.2d 427 (1998). The State's right in juvenile proceedings is derived from its parens patriae interest, and it is pursuant to that interest that the State has enacted the Nebraska Juvenile Code. *In re Interest of Noah B. et al., supra*. See *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991), *disapproved on other grounds,*

- 594 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF EZRA C.
Cite as 25 Neb. App. 588

*O'Connor v. Kaufman*, 255 Neb. 120, 582 N.W.2d 350 (1998). This right is especially prominent in juvenile adjudications, because the purpose of the adjudication phase of a juvenile proceeding is to protect the interests of the child. *In re Interest of Noah B. et al., supra*.

[9] In *In re Interest of Karlie D., supra*, the Supreme Court observed that the purpose of the adjudication phase of a juvenile proceeding is to protect the interests of the child. This same purpose forms the foundation for the State's parens patriae interest; thus, once the child is adjudicated, the State's interest in protecting the child becomes greater and more necessary. The court held that once a juvenile has been adjudicated under § 43-247(3), and the court has granted DHHS, and thus the State, custody of the child, the State has the right to recommend where the child should live. See *In re Interest of Karlie D., supra*. The child in *In re Interest of Karlie D.* had been adjudicated and placed in DHHS' custody. The order at issue denied DHHS' recommended placement and ended the dispositional phase of the proceeding. The court concluded that the order permanently moving the child to live with her grandmother affected an existing right of the State and was appealable. See *id.* See, also, *In re Interest of Joseph S.*, 21 Neb. App. 706, 842 N.W.2d 209 (2014) (finding appeal by State of order denying petition to terminate parental rights was final, appealable order), *reversed on other grounds* 288 Neb. 463, 849 N.W.2d 468 (2014); *In re Interest of Tanisha P. et al.*, 9 Neb. App. 344, 611 N.W.2d 418 (2000) (finding dispositional order changing child's placement was final order for purposes of appeal).

[10] In *In re Interest of Jassenia H.*, 291 Neb. 107, 864 N.W.2d 242 (2015), the Supreme Court found that a juvenile court's order determining that the federal and state Indian Child Welfare Acts were applicable to the juvenile proceedings was not a final, appealable order. In *In re Interest of Jassenia H.*, the guardian ad litem, on behalf of the juvenile, filed the appeal of the order claiming that this finding affected

- 595 -

Nebraska Court of Appeals Advance Sheets
25 Nebraska Appellate Reports
IN RE INTEREST OF EZRA C.
Cite as 25 Neb. App. 588

a substantial right of the child. However, the Supreme Court found that the juvenile court's finding did not constitute an adjudicative or dispositive action in the proceedings. *Id.* As a result, the court determined that it was without jurisdiction on appeal as no substantial right had been affected. *Id.*

Here, Ezra had been adjudicated before the motion for a psychosexual evaluation. Therefore, Ezra was under DHHS' custody at the time of the order. However, Ezra had been reunified with Stephanie and Kenneth at least 5 months prior to DHHS' motion. DHHS did not appeal the placement order. DHHS drafted a safety plan, which was in place at the time of its motion. The fact that the county court denied its motion does not preclude DHHS from filing a similar motion in the future, especially if new evidence arises.

[11-13] Based on the precedent available to us, we find that an order in juvenile proceedings denying a motion for psychosexual evaluation is not a final, appealable order, because it does not involve a substantial right of the State. The outcome of the motion was not adjudicative or dispositional. The motion does not involve placement of the child. It is more akin to the procedural motions that the Supreme Court has determined were not final orders. It is also worth noting that allowing an interlocutory appeal promotes significant delay in the juvenile proceedings and the ultimate resolution of custody. *In re Interest of Marcella B. & Juan S.*, 18 Neb. App. 153, 775 N.W.2d 470 (2009). Generally, delaying juvenile proceedings to grant interlocutory appeals is antagonistic to the child's best interests. *Id.* Therefore, we find that we lack jurisdiction and must dismiss the appeal before us.

## CONCLUSION

We find that the county court's order denying DHHS' motion for psychosexual evaluation was not a final order and must dismiss the appeal due to a lack of jurisdiction.

APPEAL DISMISSED.