is granted; until such occurs, the attorney-client relationship continues until the end of litigation.[16] In this case, a review of the record establishes that trial counsel had not withdrawn and thus was still engaged as counsel during the critical appeals period. As such, Payne's claims are not procedurally barred, and the district court erred in concluding otherwise. We therefore reverse the judgment and remand the cause with directions.

## CONCLUSION

The decision of the district court dismissing Payne's postconviction motion is reversed, and the cause is remanded with directions.

REVERSED AND REMANDED WITH DIRECTIONS.

---

[16] 7A C.J.S. *Attorney & Client* § 270 (2004). See, also, Neb. Ct. R. § 6-1510.

---

IN RE INTEREST OF SHAYLA H. ET AL.,
CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V.
DAVID H., APPELLANT.
___ N.W.2d ___

Filed November 14, 2014.    No. S-13-643.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.
2. **Indian Child Welfare Act: Parental Rights: Proof.** At any point in an involuntary juvenile proceeding involving Indian children at which a party is required to demonstrate its efforts to reunify or prevent the breakup of the family, the active efforts standard of the Indian Child Welfare Act of 1978 and the Nebraska Indian Child Welfare Act applies in place of the reasonable efforts standard applicable in cases involving non-Indian children.

Petition for further review from the Court of Appeals, INBODY, Chief Judge, and MOORE and RIEDMANN, Judges, on appeal thereto from the Separate Juvenile Court of Lancaster County, LINDA S. PORTER, Judge. Judgment of Court of Appeals affirmed.

Patrick T. Carraher, of Legal Aid of Nebraska, for appellant.

Ashley Bohnet, Deputy Lancaster County Attorney, and Nikki Blazey, Senior Certified Law Student, for appellee.

Rosalynd Koob, of Heidman Law Firm, L.L.P., for amici curiae Winnebago Tribe of Nebraska and Omaha Tribe of Nebraska.

Brad S. Jolly, of Brad S. Jolly & Associates, L.L.C., for amicus curiae Ponca Tribe of Nebraska.

Jennifer Bear Eagle, of Fredericks, Peebles & Morgan, L.L.P., for amicus curiae Santee Sioux Nation.

Robert McEwen and Sarah Helvey, of Nebraska Appleseed Center for Law in the Public Interest, for amicus curiae Nebraska Appleseed Center for Law in the Public Interest.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

STEPHAN, J.

This case is before us on the State's petition for further review. The sole issue presented is whether the active efforts standard of 25 U.S.C. § 1912(d) of the federal Indian Child Welfare Act of 1978 (ICWA)[1] and § 43-1505(4) of the Nebraska Indian Child Welfare Act (NICWA)[2] applies when a juvenile court physically places an Indian child[3] with his or her parent but awards another entity legal custody of the Indian child. The question is whether this disposition in an involuntary juvenile proceeding is "seeking to effect a foster care placement" within the meaning of ICWA/NICWA.[4] Upon further review, we agree with the Nebraska Court of Appeals[5]

---

[1] 25 U.S.C. §§ 1901 to 1963 (2012).

[2] Neb. Rev. Stat. §§ 43-1501 to 43-1516 (Reissue 2008 & Supp. 2013).

[3] See, 25 U.S.C. § 1903(4); § 43-1503(4).

[4] See, 25 U.S.C. §§ 1903(1)(i) and 1912(d); §§ 43-1503(1)(a) and 43-1505(4).

[5] *In re Interest of Shayla H. et al.*, 22 Neb. App. 1, 846 N.W.2d 668 (2014).

and hold that at any point in an involuntary juvenile proceeding involving an Indian child at which a party is required to demonstrate its efforts to reunify or prevent the breakup of the family, the active efforts standard applies in place of the reasonable efforts standard[6] applicable in cases involving non-Indian children.

## FACTS

The underlying facts are detailed in the published opinion of the Court of Appeals.[7] For our purposes, it is sufficient to note that David H. is the father of three minor children. Through David, the children are eligible for enrollment with the Rosebud Sioux Tribe and are thus "Indian child[ren]" within the meaning of ICWA/NICWA.[8] In May 2013, the children were adjudicated as being within Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2008) because they lacked proper parental care by reason of the fault or habits of their custodian, David's live-in girlfriend.

The "Indian child" status of the children and the corresponding possible application of ICWA/NICWA were properly recognized very early in the proceedings. Specifically, the petition to adjudicate, filed January 22, 2013, referenced the substantive and procedural protections of ICWA. The Rosebud Sioux Tribe was given notice of the adjudication proceedings on January 31. And the provisions of ICWA/NICWA were applied by the juvenile court when it was making preadjudication determinations with respect to the temporary custody of the children.

At the first dispositional hearing, the juvenile court physically placed the children with David, but awarded the Nebraska Department of Health and Human Services (DHHS) "legal custody" "for placement, treatment, and care, subject to the plan developed by" DHHS. In doing so, the court determined that although reasonable efforts had been made to return legal

---

[6] See Neb. Rev. Stat. §§ 43-283.01 (Cum. Supp. 2012) and 43-284 (Supp. 2013).

[7] *In re Interest of Shayla H. et al., supra* note 5.

[8] See, 25 U.S.C. § 1903(4); § 43-1503(4).

custody to David, it remained in the children's best interests for David to have only physical custody, while DHHS retained legal custody. David appealed from this disposition, arguing that the juvenile court erred in analyzing whether reasonable efforts had been made to return legal custody to him, because under ICWA/NICWA, the heightened standard of "active efforts" to preserve and reunify the Indian family was applicable.

The Court of Appeals agreed with David, and held the juvenile court erred in not addressing at the dispositional hearing whether active efforts, as required by ICWA/NICWA, had been made to return the children's legal custody to David. The State petitioned for further review on this issue.

## ASSIGNMENT OF ERROR

The State assigns that the Court of Appeals erred in imposing a new requirement that the State must make "active efforts" when "no party is seeking to effectuate the foster care placement of the Indian Children and the children are placed with their parent at home."

## STANDARD OF REVIEW

[1] An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.[9]

## ANALYSIS

### Mootness

After the opinion of the Court of Appeals was issued, and while the State's petition for further review was pending before this court, the children's guardian ad litem presented materials to this court suggesting the issue was moot, because the children were subsequently removed from David's physical custody. Assuming without deciding that such a removal could render the issue before us moot, we conclude that the public

---

[9] *In re Interest of Samantha C*., 287 Neb. 644, 843 N.W.2d 665 (2014); *In re Interest of Candice H*., 284 Neb. 935, 824 N.W.2d 34 (2012).

interest exception to the mootness doctrine applies,[10] and we reach the merits of the issue presented.

## Merits

The legal question before us is whether the State is "seeking to effect a foster care placement"[11] in an involuntary juvenile proceeding when the juvenile court physically places an Indian child with his or her parent but awards legal custody to DHHS. As the Court of Appeals aptly noted and analyzed,[12] jurisprudence from California, Oregon, and Iowa supports a finding that any involuntary juvenile proceeding addressing whether a child is in need of assistance due to parental unfitness could result in foster care placement and that it is most consistent with the underlying purposes of ICWA to characterize such a proceeding as one "seeking to effect a foster care placement." And, as the Court of Appeals reasoned, it is logical to apply the active efforts standard to the present disposition, because DHHS remained the legal custodian of the children.

[2] Having reviewed all of the relevant law and facts, we agree with the Court of Appeals that the active efforts standard applied to the disposition here and that the juvenile court erred in failing to apply it. We hold that at any point in an involuntary juvenile proceeding involving Indian children at which a party is required to demonstrate its efforts to reunify or prevent the breakup of the family, the active efforts standard of ICWA/NICWA applies in place of the reasonable efforts standard applicable in cases involving non-Indian children.

## CONCLUSION

For the foregoing reasons, the decision of the Court of Appeals is affirmed.

Affirmed.

---

[10] See *In re Interest of Thomas M.*, 282 Neb. 316, 803 N.W.2d 46 (2011).

[11] See, 25 U.S.C. § 1912(d); § 43-1505(4).

[12] *In re Interest of Shayla H. et al., supra* note 5.